Glenn BOLLING, Plaintiff-Appellant,

v.

James E. SCHAFFNER and Peter W. Scott,
Defendants-Respondents.

KCD 26135.

Missouri Court of Appeals,
Kansas City District.

Dec. 4, 1972.

John R. Gibson, John W. Cowden, Morrison, Hecker, Cozad, Morrison & Curtis, Kansas City, for plaintiff-appellant.

John C. Danforth, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for defendants-respondents.

Before DIXON, P. J., and CROSS and SWOFFORD, JJ.

SWOFFORD, Judge.

This is an appeal from a judgment affirming an order of the Director of Revenue revoking appellant's driver's license for a period of one year upon the ground that he had refused to submit to a chemical (breathalyzer) test following his arrest for driving while under the influence of alcohol.

Appellant asserts that this order of revocation was improper and illegal because no proper request to submit to such test had been made of appellant by the arresting officer as required by the statutes, and for the further reason that the court below erred in ordering the revocation period of one year to commence on the date of its judgment rather than the date of the original order of revocation by the Director of Revenue.

■ The scope of our review in this matter is as in other court-tried cases, Rule 73.01(d), Rules of Civil Procedure, V.A.M.R. We review both the law and the evidence as in suits of an equitable nature. "The judgment shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

The statutes involved in this matter are part of Chapter 564 V.A.M.S., relating to "Offenses Against Public Health and Safety".

Section 564.441 provides in substance that any person granted the privilege and right to operate a motor vehicle upon the highways of Missouri impliedly consents to a chemical test of his breath for the purpose of determining the alcoholic content of his blood "if arrested for any offense arising out of acts which the arresting officer has reasonable grounds to believe were committed while the person was driving a motor vehicle while intoxicated."

Section 564.444 provides in part as follows:

"1. If a person under arrest refuses upon the request of the arresting officer to submit to a chemical test, which request shall include the reasons of the officer for requesting the person to submit to a test and which also shall inform the person that his license may be revoked upon his refusal to take the test, then none shall be given. * * *"

This section further provides that in this event, the arresting officer shall make a sworn report thereof to the Director of Revenue and that upon receipt of such report, "the director *shall* revoke the license of the person refusing to take the test for a period of not more than one year; * * *" (Emphasis added)

Section 564.444 further provides:

"2. If a person's license has been revoked because of his refusal to submit to a chemical test, he may request a hearing before a court of record in the county in which he resides. * * * At the hearing the judge shall determine only:

(1) Whether or not the person was arrested;

(2) Whether or not the arresting officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated condition; and

(3) Whether or not the person refused to submit to the test.

3. If the judge determines any issue not to be in the affirmative, he shall order the director to reinstate the license or permit to drive. * * *"

These provisions have been held not to violate any constitutional privilege. Blydenburg v. David, Mo.Sup. en banc, 413 S.W.2d 284.

The plaintiff was arrested on September 16, 1971 for driving an automobile under the influence of intoxicating liquor. The post arrest occurrences are hereinafter noted. Under date of September 22, 1971, he was notified by the Director that his license to operate a motor vehicle was to be suspended for a period of one year beginning October 7, 1971.

On October 7, 1971, he filed his petition for review of this order in two counts in the Circuit Court. Count I basically challenged the facts surrounding the plaintiff's arrest and subsequent revocation upon the sole basis that he had refused the chemical test, and asserted that there had not been a compliance with Section 564.444 V.A.M.S., and further asserted a violation of plaintiff's constitutional rights. Count II adopted the allegations of Count I and in addition, alleged that the Director in ordering the revocation acted in an arbitrary, capricious and unreasonable manner, in violation of plaintiff's constitutional rights; alleged hardship by reason of the revocation, and prayed for a temporary restraining order and that the revocation be set aside and his driving privileges restored.

On October 8, 1971, the court below issued a show cause order to the Director, commanding him to appear and show cause on November 12, 1971 why the revocation should not be set aside and temporarily restraining enforcement of the Director's order until said date. Thereafter, this preliminary order was continued in full force to December 10, 1971, to January 7, 1972, and to January 20, 1972, on which latter date a hearing was held and evidence received in the court below, and the matter taken under advisement until February 18, 1972.

On February 18, 1972, the court entered a judgment (later amended by the court's order nunc pro tunc on March 10, 1972) affirming the order of the Director of Revenue of September 22, 1971, effective October 7, 1971 and revoking the driver's license of the plaintiff for one year "from the date of this order", i. e. to February 18, 1973. In this judgment the court also granted the plaintiff limited driving privileges in connection with his employment under Section 302.309 V.A.M.S. and overruled plaintiff's previously filed motion for judgment.

It is from this judgment of February 18, 1972 (as amended nunc pro tunc) that plaintiff appeals. The only questions raised are the validity of the Director's order of revocation under Section 564.444 V.A.M.S. and the validity of the court's order that the one year period of revocation run from

the date of the judgment rather than from the date of the Director's original revocation.

There is no dispute that the plaintiff was arrested or that the arresting officer had reasonable grounds to believe that the plaintiff was driving a motor vehicle while in an intoxicated condition. The only area of dispute with reference to Section 564.-444 V.A.M.S. is whether a proper request was made for a chemical test and refused by plaintiff.

■ This matter is civil in nature and is governed by Section 564.444 V.A.M.S. as applied to the facts. Blydenburg v. David, Mo.Sup. en banc, supra; In re Spencer, Mo.App., 439 S.W.2d 8.

Section 564.444 V.A.M.S., supra, requires that the arresting officer make a "request" that the offender submit to a chemical test and that such "request" shall include (1) the reasons of the officer for requesting the person to submit to the test, and (2) that the offender's license may be revoked upon his refusal to take the test.

■ We must view the word "request" as used in its usual and customary sense. The word is defined in Webster's New World Dictionary as—"an asking for, or expressing a desire for something; what is asked for; to ask a person to do something." We hold that the word as used in the statute and against the background of the purpose of this law as relating to offenses against public health and safety lies somewhere between a peremptory demand and a polite invitation. The provision of the statute is satisfied if the words of the request are such as to fully advise the offender that the arresting officer wants the chemical test made and is requesting that it be made. No particular words need to be used so long as the officer accompanies the request with the further requirements of the statute as to the reasons for the request and the possibility of license revocation, if the request is refused.

The evidence pertinent to the issues, as adduced in the hearing before the court below, may be summarized as follows:

The plaintiff was a businessman, engaged in home building in various locations in western Missouri and eastern Kansas, with a business office in Clay County, Missouri, and a Modular home plant at Tipton, Missouri. He had over 100 employees and was a member of the board of directors of the Home Builders Association.

■ He testified that he was stopped by officer Jordan on September 16, 1971, and under questioning by his counsel, he responded as follows:

"Q Did this officer, after stopping you, at any time state that you were under arrest?

A *I don't believe* he said I was under arrest.

Q Did he ever use the word 'arrest'?

A *I don't think so.*

Q And did he request at some time after stopping you that you take a breathalyzer test?

A *He didn't explain it to me.*"

On cross-examination, he was asked:

"Q And this officer, Mr. Johnson (sic) asked you to take a breathalyzer test?

A Yes.

Q And did you take a test?

A No.

Q And did he tell you that if you did not take a test your license could be revoked for a year?

A *I believe* his words were 'may be revoked'."

Mr. Bolling testified that he had called his attorney (not counsel in the present

proceeding) from the police station and the following appears:

"Q Did he give you advice about taking or not taking a breathalyzer test?

A Yes, he told me not to take it."

Officer Fred D. Jordan testified that he had stopped the plaintiff on a speeding violation; that he noticed strong odor of alcohol on his breath; that he was erratic and swaying; and said

"I had him sit in my car and informed the gentleman he was under arrest for speeding and driving a motor vehicle while intoxicated."

The Bolling car was towed to the 63rd Street Police Station and the plaintiff accompanied the police officer there in the police car. The officer further testified:

"Enroute, I informed Mr. Bolling upon arriving at the station he would have opportunity to take the breathalyzer test *to determine the alcoholic content* and that it was his right to refuse the test and that the results of this test would be used against him in court. *I also informed him if he refused to take the test that we would send a form to Jefferson City which would result in revocation of his driver's license for one year.* We arrived at the 63rd Street Station and I again asked him if he wanted to take a test and he said no."

*On cross-examination the following appears:*

"Q Well, you didn't express to him or tell him any reason why you were asking him to take the breathalyzer test?

A Other than the fact that he was under arrest for operating a vehicle while under the influence of intoxicating liquor.

Q You didn't tell him any reason for taking the test?

A *Just to show the amount of alcohol in his system.*

Q You didn't tell him he was under arrest, did you?

A Yes, sir, I most certainly did."

In light of this evidence, we can reach no other conclusion than that there was a valid request made by the arresting officer of the plaintiff to take the chemical test; the reason therefor was made clear to him; and the results of a refusal were stated to him. It was only after consultation with his lawyer that he refused.

We agree with the conclusions reached by the trial court, that the requirements of Section 564.444 were fully complied with. We have carefully reviewed the authorities cited by appellant, including those from the appellate court of Kentucky, and we do not find such persuasive toward any other conclusion under the facts before us.

■ The remaining question for our decision is whether or not in affirming the revocation order of the Director the trial court was warranted in making the revocation effective for one year from the date of his judgment rather than one year from the date of the Director's original revocation. We find that this was proper.

The record before us shows that the very date upon which the Director's revocation order was to become effective, October 7, 1971, the plaintiff filed his petition for review, and on the next day, the court below ordered the Director to cease and desist from the enforcement of the revocation order pending further action of the Circuit Court. This cease and desist order was periodically renewed by the court below until February 18, 1972, the date of the judgment appealed from. Respondents concede that the court had this authority under Section 536.120 V.A.M.S., Administrative Procedure and Review, (Page 8, Respondent's brief). Therefore, from October 7 to February 18, a period of over 4 months, the plaintiff's right to drive remained intact and presumably he freely operated his vehicle without any restriction during that period.

The purpose of Section 564.444 V. A.M.S. is two-fold: First, to protect the health and safety of citizens using the highways of Missouri; and second, to punish those guilty of the offense of driving while intoxicated by revoking such offender's license and privilege to operate motor vehicles upon the highways of Missouri for a period of one year. The revocation provisions of the law are subject only to appropriate orders of the court in hardship cases, where the use of a motor vehicle is essential to the offender's business, occupation or employment, or to earn his livelihood. Even then, the use is drastically restricted to only such uses necessary to ameliorate the hardship.

We believe and find that the judgment of the court below, affirming the revocation order of the Director of one year; ordering that this revocation be from February 18, 1972 to February 18, 1973; and granting him hardship driving privileges, was not erroneous and was proper under the circumstances of this case.

The judgment is affirmed.

All concur.