**Maxine DAIN, Petitioner-Appellant,**

v.

**James SPRADLING, Respondent.**

**No. 36991.**

Missouri Court of Appeals,
St. Louis District,
Division Four.

March 9, 1976.

Allen I. Harris, Clayton, for petitioner-appellant.

Thomas W. Shannon, Pros. Atty., Bernard Brown, Asst. Pros. Atty., St. Louis, for respondent.

ALDEN A. STOCKARD, Special Judge.

Appellant was arrested for operating a motor vehicle while intoxicated, and her operator's license was revoked for a period of one year by respondent for alleged refusal to submit to a breathalyzer test pursuant to the provisions of § 564.444(1) RSMo 1969. Appellant filed a petition for review of this administrative ruling, as authorized by § 564.444(2), and after hearing in the circuit court the order of revocation was affirmed. This appeal followed. We reverse.

There is no substantial dispute as to the facts. In the early morning of December

20, 1974, appellant was arrested by Police Officer Zysk on a charge of driving while intoxicated. She was first taken to City Hospital and then to the prisoner processing division. Officer Zysk advised her that she could take an intoximeter test and explained to her that a refusal to take the test could result in the revocation of her operator's license for a year. Four or five times she requested permission to use the telephone to call a friend or a lawyer. Officer Zysk admitted that she explained to him that she wanted to contact someone "in regard to having them get an attorney to get some advice." Her request was refused because "procedure from the police department is that the arrested subject is allowed to make one phone call before she is booked, immediately before she is booked," but Officer Zysk admitted that in this case appellant was not permitted to make any telephone call until after she was booked, and that she was not thereafter given an opportunity to take the intoximeter test. As admitted by the police officer, "she was being asked to take the test without referring to her attorney before hand," and at the time the request to take the test was made "she was acting entirely upon her own rather than any legal advice although she asked for legal advice."

In *Spradling v. Deimeke,* 528 S.W.2d 759, 763–764, (Mo.1975), the Supreme Court held that although "an arrested person does not have a *constitutional* right to consult with an attorney prior to deciding whether or not to submit to a breathalyzer test," he does, "under the statutes of this state and the rules of this court * * * have the right to consult with counsel or others in his behalf, and the arresting authorities do not have the right to prevent him from doing so." It was also held that "This right does not depend upon the type of offense for which the party is arrested and applies to arrests for driving while intoxicated," and that the right is not suspended "pending the giving of a breathalyzer test." A detailed explanation of these "statutes * *

and rules," and their application to the factual situation we have here may be found in *Gooch v. Spradling,* 523 S.W.2d 861 (Mo. App.1975).

Before appellant was asked to take a breathalyzer test, or was given the opportunity to do so, she had requested to be permitted to contact a lawyer or friend to seek advice. That request was refused. After she was permitted to use a telephone to contact a lawyer or friend for advice she was not afforded an opportunity to refuse the test or to take it. The only refusal to take a breathalyzer test was made at the time the police were denying her the right to consult a friend or lawyer for advice. She was not entitled to have counsel present when the test was administered, *Spradling v. Deimeke,* supra, but she was entitled to obtain the advice of counsel or friend as to whether she should take the test or refuse to do so. Under the facts of this case appellant did not make an unequivocal and informed refusal to take the breathalyzer test.

The judgment is reversed with directions to enter a new judgment setting aside the administrative order of revocation.

SMITH, C. J., and NORWIN D. HOUSER, Special Judge, concur.