**Stephen C. PAINTER,**
**Plaintiff-Appellant,**

v.

**DIRECTOR OF the STATE DEPART-
MENT OF REVENUE for the State of
Missouri, Defendant-Respondent.**

No. 12006.

Missouri Court of Appeals,
Southern District,
Division Two.

June 17, 1981.

Charles Buchanan, Joplin, for plaintiff-appellant.

William J. Fleischaker, Prosecuting Atty., Norman E. Rouse, Asst. Pros. Atty., Joplin, for defendant-respondent.

MAUS, Chief Judge.

The petitioner appeals from an adverse decision upon his application to set aside the revocation of his driver's license for failure to take the breathalyzer test. His sole point of error is that the evidence is insufficient to establish that he refused to take the test within the meaning of § 577.050, RSMo 1978. This requires a summary of the evidence on this issue.

The principal arresting officer testified as follows: While the petitioner was being driven from the place of arrest to the police station, the officer advised the petitioner of the requirement that he take the breathalyzer and that if he failed to do so he would lose his license for one year. The petitioner made no comment. Then, during the booking procedure, the officer asked the petitioner if he would take the test and the petitioner replied, "no". The officer then suggested the petitioner might want to talk to an attorney. At the petitioner's request he started to look up a number, but stopped when the petitioner said he didn't want to call the attorney. The officer again asked the petitioner if he wanted to take the test, to which the petitioner replied, "no". After booking was complete and the petitioner was being placed in a cell, he said he wanted to think about the matter. The officer said it was too late. This testimony was generally corroborated by a second officer.

Not unexpectedly, the testimony of the petitioner was in direct conflict. He denied the explanation in the automobile. He said

that while he was being led into the station, the officer asked if he wanted to take the test and he replied, "no". But, he added that after taking a few steps, he said he would take it anyway. He was then told it was too late. He further testified that while he was being put in a cell he again said he wanted to take the test but was again told it was too late.

The trial court expressly found the officers' testimony to be true. On review, this court is to give due deference to the opportunity of the trial court to judge the credibility of the witnesses. *Stenzel v. State Dept. of Revenue*, 536 S.W.2d 163 (Mo.App. 1976). When the evidence is so viewed, the issue for this court may be simply stated. May a petitioner, who has been advised of the requirement of the breathalyzer test and the consequences for not taking that test and upon two occasions when asked if he would take the test replied, "no", but while being put in a cell said he wanted to think about it, be held to have refused to take the test.

The petitioner relies upon four cases which are readily distinguishable. In *Arnold v. Director of Dept. of Revenue*, 593 S.W.2d 624 (Mo.App.1980), the arrestee was not told that smoking would affect the result of the test, there was no evidence that it would and the court held there was not a refusal by smoking. In each of the other cases, after trying to reach a doctor, *Thomas v. Schaffner*, 448 S.W.2d 319 (Mo.App. 1969); or after waiting on a lawyer, *Hester v. Spradling*, 508 S.W.2d 194 (Mo.App.1974); or waiting on an employer, *Lowery v. Spradling*, 554 S.W.2d 555 (Mo.App.1977), there

was an unqualified request to take the test which was denied. In this case there was never a request to take the test.

The meaning of the word refusal has been succinctly defined in *Spradling v. Deimeke*, 528 S.W.2d 759 (Mo.1975).

Whether the declination is accomplished by verbally saying, 'I refuse', or by remaining silent and just not breathing or blowing into the machine, or by vocalizing some sort of qualified or conditional consent or refusal, does not make any difference. The volitional failure to do what is necessary in order that the test can be performed is a refusal. *Spradling*, supra, 528 S.W.2d at 766.

In this case the petitioner on two occasions voiced an unqualified refusal to take the test. He did not alter that refusal by his ambiguous statement that he wanted to think about it. If, after that remark, the petitioner had without qualification asked to take the test, whether or not his actions would have been tantamount to refusal is a question we need not reach. Compare *Krueger v. Fulton*, 169 N.W.2d 875 (Iowa 1969) and *Harlan v. State*, 113 N.H. 194, 308 A.2d 856 (1973). The judgment is affirmed.

PREWITT, P. J., and HOGAN and BILLINGS, JJ., concur.