Kathleen A. CORUM, Appellant,

v.

Paul S. McNEILL, Jr., Director of Revenue, Respondent.

No. 51455.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 23, 1986.

---

Charles E. Stine, Jr., Hannibal, for appellant.

William L. Webster, Warren D. Weinstein, Jefferson City, for respondent.

SNYDER, Chief Judge.

Kathleen A. Corum appeals from a trial court judgment which affirmed the decision of the Director of Revenue revoking her driver's license for refusing to submit to a breathalizer test. Appellant alleges that the arresting police officer did not comply with § 577.041 RSMo.Cum.Supp.1984 because he failed to give appellant reasons for taking the breathalizer test, and that appellant's refusal was invalid because she was incoherent and incapable of validly refusing. The judgment is affirmed.

On April 18, 1984, Officer James Davis of the City of Palmyra, Missouri responded to an automobile accident report. At the scene of the accident he observed a woman behind the wheel of the automobile which she had been driving. Officer Davis observed that appellant was intoxicated. He arrested her for driving while intoxicated, gave her Miranda warnings, and informed her that he wanted her to take a breathalizer test.

Officer Davis drove appellant to the Palmyra city hall. When they arrived, Officer Davis explained the breathalizer procedure. Appellant stated that she did not want to take the test. Officer Davis explained to appellant the consequences of her refusal to take the test. He then took appellant to the Marion County Sheriff's Office. He asked her once again if she would take the breathalizer test, but she refused.

The Director of Revenue revoked appellant's driver's license for refusal to submit to the breathalizer test pursuant to § 577.041 RSMo. Cum.Supp.1984. The Circuit Court of Marion County, Missouri, affirmed the Director of Revenue decision and this appeal followed.

Appellate review of this case is governed by Rule 73.01 as interpreted in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The trial court's judgment must be affirmed unless it erroneously declares or applies the law, is not supported by substantial evidence, or is against the weight of the evidence. *Murphy*, 536 at 32 [1–3].

In appellant's first point she contends that the arresting officer failed to comply with § 577.041 RSMo.Cum.Supp.1984 because he did not give appellant a reason for his request that she take a breathalizer test. The point is denied.

Section 577.041 RSMo.Cum.Supp.1984 requires the arresting officer to give the person he is requesting to take the chemical test reasons for taking the test. In addition, the arresting officer must inform the person that her license may be revoked if she refuses to take the test.

Officer Davis clearly informed appellant that her driver's license might be revoked if she refused to take the exam. He also

explained to appellant the procedure involved in taking the breathalizer test.

■ Although the arresting officer did not testify that he gave appellant a specific reason for taking the test, he explained the breathalizer procedure to appellant when he arrested her for driving while intoxicated. The trial court properly could have inferred that the officer's explanation of the breathalizer procedure informed appellant that the purpose of the test and the reason for conducting it was to determine the amount of alcohol in her blood. *In re Green,* 511 S.W.2d 129, 134 (Mo.App.1974). No more reason than this is required by the statute.

. In *Bolling v. Schaffner,* 488 S.W.2d 212 (Mo.App.1972) the appellant alleged that the arresting officer failed to make a proper request pursuant to § 564.444 RSMo. (forerunner of § 577.041). The officer in *Bolling* testified that he told appellant that the reason for taking the breathalizer test was to determine the amount of alcohol in his system. *Id.* at 216. The court held that a valid request was made. *Id.*

Although the evidence was not as strong as it might have been, an explanation of the breathalizer test would necessarily include the purpose for which it is given: to determine the alcoholic content of appellant's blood. The trial court could have inferred from the testimony as it was given that the officer explained to appellant that the test would be given to determine the alcoholic content of her blood. *See Bolling v. Schaffner,* cited *supra.* Appellant's first point is denied.

Appellant claims in point two that her refusal to take the breathalizer test was invalid because she was incapable of validly refusing. This point also is without merit.

■ Appellant verbally refused to take the chemical test several times. Officer Davis gave appellant more than one opportunity to submit to the test, but she refused. Appellant did not communicate to Officer Davis that she could not understand her decision. *Spradling v. Deimeke,* 528 S.W.2d 759, 766 (Mo.1975).

In any event, to allow an intoxicated person to avoid the consequences of her refusal to take a breathalizer test based on her inability to comprehend it because she was intoxicated is violative of the statute's intent.

There was substantial evidence to support the trial court judgment. The judgment is affirmed.

CARL R. GAERTNER, P.J., and SMITH, J., concur.