Gerald Lynn **RAINS**,
Plaintiff-Appellant,

v.

**DIRECTOR OF REVENUE, MISSOURI DEPARTMENT of REVENUE**,
Defendant-Respondent.

No. 14834.

Missouri Court of Appeals,
Southern District,
Division Two.

March 23, 1987.

Motion for Rehearing and to Transfer Denied and Overruled April 14, 1987.

Application to Transfer Denied May 19, 1987.

G.H. Terando, Poplar Bluff, for plaintiff-appellant.

Wallace L. Duncan, Poplar Bluff, for defendant-respondent.

MAUS, Judge.

Appellant appeals the denial of reinstatement of his driving privileges which were revoked on the basis of his refusal to submit to a breathalyzer test when under arrest for driving while intoxicated. § 577.-041. He states one point on appeal.

By stipulation, the appellant's request for reinstatement was heard upon the basis of a written report of the officer who made the arrest and attempted to administer the test. That report established there was probable cause for the appellant's arrest for driving while intoxicated. The appellant's actions and condition and performance on field tests indicated he was quite intoxicated.

After his arrest, the appellant was taken to the police station. The informed consent law was explained to him. The officer requested that he take the breathalyzer test. The appellant called his lawyer. The report then reads as follows. "After being at the station for 45 minutes, Rains had not given an answer as to whether he would take the test or not. Rains finally stated to me to 'just go ahead and do your paperwork or whatever you have to do.'" He was then booked and made bond.

The appellant's sole point on appeal is that there was no substantial evidence of his refusal to take the test. He argues that the statement for the officer to do his paperwork or whatever he had to do was ambiguous and is not evidence of such a refusal.

The appellant's contention is based on the premise that such a refusal must be manifested by a statement to the effect that one under arrest will not take the test. What constitutes a refusal within the meaning of the applicable statute is well established.

There is no mysterious meaning to the word 'refusal'. In the context of the implied consent law, it simply means that an arrestee, after having been requested to take a breathalyzer test, declines to do so of his own volition. Whether the dec-lination is accomplished by verbally saying, 'I refuse', or *by remaining silent* and just not breathing or blowing into the machine, or by vocalizing some sort of qualified or conditional consent or refusal, does not make any difference. The volitional failure to do what is necessary in order that the test can be performed is a refusal.

*Spradling v. Deimeke,* 528 S.W.2d 759, 766 (Mo.1975) (emphasis added). Subsequent cases make it clear that following a request to do so the actions of one under arrest to evade taking the test can constitute a refusal. "A refusal may be accomplished *by inaction* or by a qualified or conditional consent or refusal and is not limited to verbal refusals." *Walker v. Goldberg,* 588 S.W.2d 83, 85 (Mo.App.1979) (emphasis added). In *Duncan v. Safety Res. Unit, Dept. of Rev.,* 550 S.W.2d 619 (Mo.App.1977), one under arrest advised the officer there was no need to take the test and admitted that he was drunk. The court held that was an ambiguous statement. Nevertheless, the court concluded,

we are convinced that there was a 'refusal' by Mr. Duncan in this case. Mr. Duncan was arrested for driving while intoxicated; he was requested to submit to a chemical test, and he indicated that there was 'no need to do so and ... admitted that he was drunk.' Although this statement in and of itself is ambiguous, the stark reality remains that Mr. Duncan did not take the test and that there was a 'volitional declination' to submit to the chemical test as requested by the officer. Whether the declination is accomplished verbally by a statement 'I refuse' or by remaining silent, or by a conditional consent is immaterial since such conduct constitutes a 'refusal' within the meaning of the law.

*Duncan v. Safety Res. Unit, Dept. of Rev.,* supra, at 621–622 (footnote omitted).

In this case the officer requested the appellant to take the test. The appellant talked with his lawyer. The request called for an affirmative response by word or deed. The appellant said nothing for 45 minutes. Then he advised the officer to do

his paperwork or whatever else he had to do. This court does not find that statement ambiguous. Rather, it was a direction to the officer to do something besides administer the test. In any event, the record demonstrates that following the request the defendant failed to do anything toward the administration of the test. His tactics were for delay. Cf. *Rogers v. King*, 684 S.W.2d 390 (Mo.App.1984); *Duncan v. Safety Res. Unit, Dept. of Rev.*, supra. Under the circumstances, the appellant's failure accede to the request and his direction to the officer to do something else was a refusal within the meaning of the applicable statute. The judgment is affirmed.

HOGAN and FLANIGAN, JJ., concur.

PREWITT, P.J., recused.