Terry W. NUYT, Petitioner/Appellant,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent/Respondent.

No. 59377.

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 3, 1991.

Lowes & Drusch, Albert C. Lowes and David J. Roth, II, Cape Girardeau, for petitioner/appellant.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Sp. Asst. Atty. Gen., Jefferson City, for respondent/respondent.

KAROHL, Judge.

Petitioner appeals suspension of his driver's license pursuant to § 577.041 RSMo Cum Supp.1990. The one year suspension was upheld in the circuit court. We affirm.

On June 22, 1990, petitioner, Terry Nuyt, backed out of his parking place in front of a tavern. He struck an automobile stopped behind his truck. The passenger in the automobile left the scene to call the police. Petitioner then reparked his truck.

Between five and thirty minutes after the accident, Officer Hunt arrived. He found petitioner sitting in his truck. As Officer Hunt began discussing the accident with petitioner, he noticed a strong odor of alcohol. Petitioner was then asked to perform four field sobriety tests: (1) the alphabet test, (2) heel-to-toe test, (3) the balance swing test, and (4) the finger to nose test. Petitioner was unable to successfully perform any of these tests.

Based on petitioner's physical characteristics and inability to perform the tests, Officer Hunt informed petitioner he was under arrest for driving while intoxicated. At the police station, petitioner was twice asked to submit to a breathalyzer. Petitioner refused both requests.

In the first of three points on appeal, petitioner alleges error by the trial court in finding probable cause for arrest. Petitioner contends the state did not show his state of intoxication was the same when operating the truck and at the time of his arrest. We do not find this argument convincing.

■ The statute requires a determination of whether the arresting officer had reasonable grounds to believe that the individual was driving a motor vehicle while in an intoxicated condition. Section 577.041 RSMo Cum Supp.1990. For this purpose probable cause is essentially the same as reasonable grounds. *Tuggle v. Director of Revenue,* 727 S.W.2d 168, 170 (Mo.App. 1987). "[P]robable cause refers to the quality and quantity of proof tending to establish a certain thing." *Id.*

■ In this case, there was evidence to support a finding the officer had "probable cause." Petitioner backed his truck into a stopped automobile while leaving the tavern. Officer Hunt testified he noticed petitioner's eyes were bloodshot and he smelled of alcohol. Petitioner then failed four field sobriety tests. This same type of evidence has been determined sufficient to support a verdict in similar cases. *See, e.g., State v. Wheeler,* 764 S.W.2d 523, 524–25 (Mo.App.1989). The finding the officer had reasonable grounds is supported.

Petitioner's allegation that the court could not find he was at the same level of intoxication at the time of the collision and at the time of arrest is based on conflicting evidence. As the basis for this argument, petitioner testified that after the accident he exchanged information with the other driver and then went back into the tavern where he had two beers while waiting for the police to arrive. However, this testimony is contradicted by an Alcohol Influence Report prepared by Officer Hunt after the arrest. The questions on the report were read to petitioner and the answers given were immediately written on the form. In response to the question "have you consumed any alcoholic beverage since the accident?," petitioner responded he drank "½ of a can of beer" in his truck right after the accident.

"Where there is a conflict in the evidence, the trial court has the prerogative to determine the credibility of the witnesses,

**692**

accepting or rejecting all, part or none of the testimony." *MacCurrach v. Anderson,* 678 S.W.2d 459, 463 (Mo.App. 1984). The inference flowing from the collision together with evidence of subsequent consumption of ½ a can of beer, the lesser of two estimates, and the officer's observations were sufficient to establish probable cause to believe petitioner was operating under the influence at the time of the collision.

Petitioner's second point claims evidence of the field sobriety tests should have been excluded because the state showed no scientific foundation for the tests. We disagree.

■ As petitioner admits, the tests were not offered as scientific proof of sobriety from which an inference of guilt or innocence can be drawn. The tests were offered and admitted to show Officer Hunt had probable cause for the arrest. *See, Tuggle v. Director of Revenue,* 727 S.W.2d 168, 169 (Mo.App.1987). No scientific foundation is necessary under these circumstances. The tests are probative. *See, Kranz v. Director of Revenue,* 764 S.W.2d 508 (Mo.App.1989).

Petitioner's final point on appeal alleges he was not adequately informed of the reasons for requesting a breathalyzer as required by § 577.041 RSMo Cum Supp. 1990. We find this point lacks merit based on *Corum v. McNeill,* 716 S.W.2d 915 (Mo. App.1986).

■ In *Corum,* petitioner's license was revoked because he refused to submit to a breathalyzer. *Id.* at 916. The police officer explained the potential consequences of his refusal, including possible loss of license. *Id.* He was not given a specific reason for the test, but was told the procedure used to administer the test and told the test measures blood alcohol content. *Id.* at 917. The court held the explanation was sufficient information to adequately inform licensee of the reason the test was sought. *Id.*

Similar facts are present in the current case. Petitioner was informed he was arrested for driving while intoxicated. Officer Hunt then went through standard procedures used in an incident involving an intoxicated driver, including preparation of the Alcohol Influence Report. Officer Hunt read the questions and instructions on the form to petitioner and recorded his responses on the form. He was informed of the consequences of failure to submit to the breathalyzer. Additionally, he was told the request for the test was made to measure his blood alcohol content. As in *Corum,* this explanation is sufficient to meet the requirements of the statute.

Petitioner disputes the fact he was read the information on the Alcohol Influence Report stating the breathalyzer measures blood alcohol content. He contends the officer merely asked if he would submit to the test with no additional explanation. Apparently, the court chose to believe Officer Hunt. Point denied.

We affirm.

SMITH, P.J., and AHRENS, J., concur.