**David TURNER, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. WD 44726.**

Missouri Court of Appeals, Western District.

May 19, 1992.

William L. Webster, Atty. Gen., Waylene Wilhoit Hiles, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

Patrick O'Brien, Kansas City, for respondent.

Before BRECKENRIDGE, P.J., and SHANGLER and HANNA, JJ.

HANNA, Judge.

This is an appeal from an order setting aside the revocation of respondent's driver's license for refusing to submit to a chemical test. Appellant contends that the trial court erred when it found that respondent was too intoxicated to make a knowing refusal, and that he therefore did not "refuse" to take the test for the purposes of § 577.041, RSMo Supp.1990.

The judgment of the trial court is reversed and remanded.

On November 26, 1990, Officer Scott Griswold of the Kansas City, Missouri Police Department was dispatched to the intersection of 39th Street and Cleveland Avenue to investigate a report of a man slumped over the steering wheel of a pickup truck. When Officer Griswold arrived at the scene, he saw that appellant was seated behind the steering wheel of a truck that was parked in the crosswalk leading to the intersection. The vehicle's engine was running, and the transmission was in the "drive" position.

As Officer Griswold approached the vehicle, he detected the odor of formaldehyde on respondent's breath and in respondent's truck. On the seat next to respondent, Officer Griswold saw ninety-four small plastic bags of the type commonly used to carry crack cocaine. Respondent was conscious, but he made no reply to Officer Griswold's repeated attempts at conversation.

Officer Griswold arrested respondent for driving under the influence of drugs and transported him to Truman Medical Center, where he asked respondent to submit to a blood test. According to Officer Griswold's testimony at trial, respondent replied "no." Respondent, on the other hand, testified that he did not remember Officer Griswold asking him to give a blood sample. Respondent further testified that, before he left the hospital, he was asked to give a urine sample and he complied with the request.

In a discussion with counsel which followed the presentation of evidence, the trial court indicated that Officer Griswold had presented credible testimony that respondent had initially refused to take the blood test. However, the trial court continued the proceeding to allow respondent's counsel time to obtain documentation to support respondent's claim that he subsequently submitted to a urine test upon the request of medical personnel. The trial court stated that it would rule in favor of appellant if respondent's counsel was unable to produce documentation showing the results of such a test.

There is no evidence in the record that respondent's counsel ever produced the results of a subsequent urine test. Nevertheless, the trial court entered an order setting aside the revocation of respondent's driver's license on the grounds that respondent had been too intoxicated to make a knowing refusal, and therefore his initial refusal was a legal nullity.

The sole question on appeal is whether the trial court erred when it held that respondent did not "refuse" to submit to the chemical test for the purposes of § 577.041, RSMo Supp.1990.

■ Our standard of review requires us to affirm the judgment of the trial court if it is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law. *Koch v. McNeill*, 743 S.W.2d 902, 903 (Mo.App.1988).

■ The case at bar is substantially similar to *Corum v. McNeill*, 716 S.W.2d 915 (Mo.App.1986), in which the appellant claimed that her refusal to take a breathalyzer test was invalid because she was incoherent and incapable of understanding such a decision. In affirming the revocation of her driver's license, the court stated that "to allow an intoxicated person to avoid the consequences of her refusal to take a breathalyzer test based on her inability to comprehend it because she was intoxicated is violative of the statute's intent." 716 S.W.2d at 917.

In a recent decision on this issue, this court held "[t]here is nothing in the implied consent law which requires that a refusal be knowing, and an officer is entitled to take a refusal at face value without being required to determine the person's mental capacity to make such a decision." *Cartwright v. Director of Revenue*, 824 S.W.2d 38, 41 (Mo.App.1991).

In other jurisdictions, there is a strong consensus that a driver's state of intoxication, whether induced by alcohol, drugs, or both, may not be used as the basis for avoiding the consequences of a refusal to submit to chemical testing on the grounds that the driver was incapable of a knowing and valid decision. *E.g., Roberts v. State*, 474 N.E.2d 144, 148–150 (Ind.App.1985); *People v. Solzak*, 126 Ill.App.3d 119, 81 Ill.Dec. 399, 400–402, 466 N.E.2d 1201, 1202–1204 (1984); *Walthour v. Commonwealth, Dept. of Transportation*, 74 Pa. Cmwlth. 53, 458 A.2d 1066, 1067 (1983); *State, Dept. of Motor Vehicles v. McElwain*, 80 Wash.2d 624, 496 P.2d 963, 964–965 (1972); *State of Minnesota Dept. of Highways v. Normandin*, 284 Minn. 24, 169 N.W.2d 222 (1969). As noted in *Normandin*, a statute providing for the revocation of a driver's license for failure to submit to a chemical test could never be construed as intending "to excuse one so intoxicated as to be incapable of refusing to submit to chemical tests. This construction would lead to an absurd result—the greater the degree of intoxication of an automobile driver, the less the degree of his accountability." 169 N.W.2d at 224.

■ Consequently, we hold that the trial court erred when it found that, because of respondent's degree of intoxication, he did not validly refuse to submit to the chemical test. Because of our conclusion that respondent validly refused to submit to a chemical test for the purposes of § 577.041, the question of whether he subsequently agreed to such a test is irrelevant. Once it has been properly determined that a driver has refused to submit to a given chemical test, the driver's· subsequent request or offer, at a later time, to submit to the same or another chemical test does not alter his earlier refusal and has no bearing on the revocation of his license. *Dudenhoeffer v. Director of Revenue*, 780 S.W.2d 701, 703 (Mo.App.1989).

The judgment of the trial court is reversed, and the cause is remanded to the trial court for the entry of a judgment reinstating the suspension of respondent's driving privileges.

All concur.