In the ESTATE OF Keron T. LAYNE, Deceased, Albert Fred Greife, Appellant,

v.

Geraldine WILLIAMS, United Missouri Bank of Kansas City, N.A., American Bank of Higginsville, N.R. Bradley, Personal Representative of the Estate of Keron T. Layne, Deceased, Respondents.

No. WD 37965.

Missouri Court of Appeals, Western District.

Feb. 17, 1987.

Robert H. Ravenhill, Marshall, Clifford S. Brown, Watson Ess, Kansas City, for respondents.

N.R. Bradley, D.W. Sherman, Lexington, John E. Frerking, Higginsville, for appellant.

Before GAITAN, P.J., and DIXON and TURNAGE, JJ.

GAITAN, Presiding Judge.

Plaintiff-appellant, Albert Fred Greife, filed a Petition to Discover Assets in accordance with § 473.340 RSMo Supp.1984 as a residuary legatee under the will of Keron T. Layne. *Motions for Summary Judgment* filed by the respondents Geraldine Williams, United Missouri Bank of Kansas City, N.A. ("U.M.B.") and American Bank of Higginsville ("A.B.H.") were sustained by the trial court. Greife appeals alleging the trial court erred in the following respects: (1) in sustaining respondents' motions for summary judgment because the motions were not supported by admissible evidence and; (2) erroneously applying the general regulations of the Department of the Treasury. U.M.B. also appeals, alleging that the trial court erred in failing to award U.M.B. attorneys' fees. The judgment of the trial court is reversed.

Keron T. Layne died on February 29, 1984. Greife was named as a residuary legatee in the Last Will and Testament of Keron T. Layne. The Inventory and Appraisement prepared and verified by affidavit by the personal representative of Mrs. Layne's estate listed five United States Treasury Notes held by U.M.B. in safekeeping account no. 1–0934–3 with the account receipts showing the notes "held for Keron Layne or Geraldine Williams."

Greife filed a Petition to Discover Assets and a First Amended Petition to Discover Assets in the Probate Division of the Circuit Court of Lafayette County, Missouri, asking that the notes be included in the assets of the Estate of Keron T. Layne. Greife alleged that Geraldine Williams, A.B.H. and U.M.B. had adversely withheld and claimed possession of the notes.

U.M.B. filed an Answer and a Counterclaim for Interpleader. Williams and A.B.H. each filed an Answer. Motions for Summary Judgment were filed by Williams, A.B.H., and U.M.B. asking the court to find that the notes were the property of Geraldine Williams as the surviving joint tenant pursuant to Department of Treasury Regulations § 306.11. U.M.B. stated in its motion that A.B.H. requested U.M.B. to purchase the notes for the account of Keron Layne or Geraldine Williams. U.M.B. also filed a Motion for Attorneys' fees requesting that it be granted reasonable attorneys' fees to be paid

under its interpleader claim from the stake it held.

Greife filed a Motion for Summary Judgment requesting that the notes be declared owned one-half by N.R. Bradley as personal representative of the estate of Keron T. Layne, and one-half by Geraldine Williams. Greife claims in his motion that U.M.B. admitted that it purchased the notes for the safekeeping account titled "Keron T. Layne or Geraldine Williams." Greife argues, therefore, that ownership of the notes is determined by the title to the safekeeping account in accordance with § 362.470 RSMo (1978).

Judgment was entered on December 31, 1985, granting the Motions for Summary Judgment of U.M.B., Williams, and A.B.H. Greife's Motion for Summary Judgment was denied, as was U.M.B.'s Motion for Attorneys' Fees.

•

## I.

Greife argues that there was no admissible evidence to support the court's judgment granting respondents' Motions for Summary Judgment. He argues that the court improperly considered the Department of Treasury Regulations offered by respondent Williams. At the time said regulations were offered, Greife objected to their consideration by the court on the grounds that the court could not take judicial notice of regulations of an administrative agency. However, in *Macalco, Inc. v. Gulf Insurance Co.*, 550 S.W.2d 883 (Mo. App.1977), the court specifically stated that judicial notice of regulations of an administrative agency is allowed:

> Regulations and rules promulgated by government agencies pursuant to delegation of authority from Congress have the force and effect of law and Missouri courts will judicially notice the rules and regulations adopted by such agencies....

*Macalco,* 550 S.W.2d at 887.

■ The Department of the Treasury is authorized by Congress to issue regulations. Section 321 of title 31 U.S.C. provides that:

The Secretary of the Treasury shall ... (5) prescribe regulations that the Secretary considers best calculated to promote the public convenience and security, and to protect the Government and individuals from fraud and loss, that apply to anyone who may—

(A) receive for the Government, Treasury notes, United States notes, or other government securities; or

(B) be engaged or employed in preparing and issuing those notes or securities.

Section 321 further provides that the Secretary may prescribe regulations to carry out the duties and powers of the Secretary. This statute clearly authorizes the Secretary of the Treasury to adopt regulations and the trial court properly took judicial notice of said regulations.

■ Greife also complains that defendants' motions were not verified and were not based upon any "properly admitted evidentiary documentation." Greife's point is well taken. None of the parties' motions were verified or supported by any admissible evidentiary material. Copies of five safekeeping receipts were attached to William's motion but were not verified by an affidavit of someone with personal knowledge of the receipts. These safekeeping receipts indicate that the notes are "held for Keron Layne or Geraldine Williams." U.M.B. stated in its Answer and Counterclaim, however, that the notes were "formerly held" in the safekeeping account for "Keron Layne or Geraldine Williams." U.M.B. stated that it "currently holds" three of the notes for A.B.H. for the account of "Geraldine Williams Trust." One of the notes was held in the account for "Keron Layne or Geraldine Williams" and was then held in the account for "Geraldine Williams Trust." After the note matured on March 31, 1985, U.M.B. credited the account of A.B.H. with the principal and interest. U.M.B. did not indicate in its Answer what has become of the note, evidenced by receipt no. 849724, which matured on September 30, 1984. U.M.B. further stated that it has a contract with A.B.H. obligating U.M.B. to credit the account of A.B.H. with the principal and interest of the notes. U.M.B.'s Answer was

not verified. At oral argument on the motions, defendants' attorneys further informed the trial court that the notes were "book-entry securities." Counsel explained that this means the purchase of the notes was merely recorded on the bank's records, but the notes were never issued by the Treasury. None of the allegations of counsel at oral argument were based upon personal knowledge or supported by affidavit. There was a total absence of competent, admissible evidence to establish the facts in this case, so that the trial court could determine that defendants were entitled to a judgment as a matter of law.

In *Brown v. Upjohn Co.,* 655 S.W.2d 758 (Mo.App.1983), the defendant filed a summary judgment motion with an attached exhibit which was the package insert which allegedly accompanied all units of the drug at issue in the case. Neither the motion nor the exhibit were supported by affidavit. The court reversed the trial court's order granting summary judgment for lack of evidentiary support, stating:

> Rule 74.04(b) permits a motion for summary judgment to be made "with or without supporting affidavits." An unverified motion, however, may not substitute for one of the functions an affidavit performs in Rule 74.04 summary judgment practice. The affidavit constitutes evidentiary material by which the moving party demonstrates entitlement to the drastic relief afforded by a summary judgment. (citations omitted) The purported exhibit fails to meet the evidentiary requirement of Rule 74.04(e) which requires all copies of papers referred to, attached and served with the affidavits constituting the evidentiary material before the court to be sworn to or certified.

*Brown,* 655 S.W.2d at 759.

We therefore agree with Greife that defendants' motions were not supported by evidentiary material, and we are compelled to reverse the trial court's order granting summary judgment.

In order to assist the trial court on remand and in the event defendants support the contentions of counsel with competent evidence, we provide the following discussion of law relating to the applicability of the Treasury regulations.

Defendants argue that ownership of U.S. securities is governed exclusively by federal law, citing *Free v. Bland,* 369 U.S. 663, 668, 82 S.Ct. 1089, 1093, 8 L.Ed.2d 180 (1962). In *Free,* a husband and wife purchased U.S. Savings Bonds using community property. The bonds were issued to "Mr. or Mrs. Free." Mrs. Free died and her son claimed an interest in the bonds under Texas community property laws. Mr. Free claimed exclusive ownership pursuant to Treasury regulations, 31 C.F.R. § 315.61. Section 315.61 provided that for bonds issued in the "or" form, "[i]f either co-owner dies ... the survivor will be recognized as the sole and absolute owner." *Free,* 369 U.S. at 667 n. 5, 82 S.Ct. at 1092 n. 5. Moreover, the Court noted that 31 C.F.R. § 315.20 provided that, "[n]o judicial determination will be recognized which would ... defeat or impair the rights of survivorship conferred by these regulations ..." *Free,* 369 U.S. at 667, 82 S.Ct. at 1092. The Court held:

> The clear purpose of the regulations is to confer the right of survivorship on the surviving coowner. Thus, the survivorship provision is a federal law which must prevail if it conflicts with state law.

*Free,* 369 U.S. at 668, 82 S.Ct. at 1093.

▪ Under Missouri law, if it cannot be shown that a statutory provision establishes the existence of a joint tenancy, the parties must prove that they intended to create a joint tenancy. *Longacre v. Knowles,* 333 S.W.2d 67, 70 (Mo.1960); *Wigand v. State Dept. of Health and Welfare,* 454 S.W.2d 951, 955 (Mo.App.1970). In *Estate of Huskey v. Monroe,* 674 S.W.2d 205, 211 (Mo.App.1984), the court held that the "or" designation by itself is not sufficient under § 362.470 RSMo to establish a joint tenancy. Likewise, when examining the parties' intent where the statute has not been met, the "or" designation alone is not sufficient to establish the intent to create a joint tenancy. *Huskey,* 674 S.W.2d at 212. Therefore, if the Treasury regulations provide that the "or" designation conclusively establishes a joint tenancy, such a

provision would conflict with Missouri law and would prevail under *Free v. Bland.*

Defendants claim that 31 C.F.R. § 306.-11(a)(2)(i) prescribes the allowable methods of registration, and that under this provision, the registration form used conclusively establishes ownership of the securities by Williams as surviving joint tenant.

Part 306 of Title 31 C.F.R. is labeled "General Regulations Governing U.S. Securities." Subpart B of Part 306 governs registration. Section 306.2(n) defines a "registered security" as "a security, the ownership of which is registered on the books of the Department. It is payable at maturity ... in accordance with its terms to the person in whose name it is *inscribed,* or his assignee." (emphasis added)

Subpart O of Part 306 is titled "Book-Entry Procedure". Section 306.115(d) defines "book-entry Treasury security" as "a Treasury bond, note, certificate of indebtedness, or bill ... in the form [of] an *entry made as prescribed in this subpart* on the records of a [Federal] Reserve Bank." (emphasis added) Section 306.116 of subpart O authorizes Reserve Banks to issue book-entry Treasury securities and to apply the book-entry procedures of subpart O to securities deposited by a "Member bank", such as U.M.B., "held for the account of its customers." 31 C.F.R. § 306.117(a)(3).

There are no registration provisions in subpart O and nothing to indicate that the registration provisions of § 306.11 of subpart B apply to book-entry securities. Since by definition book-entry securities are merely an entry on the records of a Reserve Bank it seems logical that there is no registration of such securities.

■ Even if the registration provisions of § 306.11 were applicable, we do not believe such provisions establish ownership of the securities. Section 306.10 of 31 C.F.R. states that the "Treasury department *reserves the right to treat* the registration as conclusive of ownership." In contrast, § 315.61 regarding savings bonds at issue in *Free,* states that "the survivor *will be recognized as the sole and absolute owner.*" Likewise, § 315.20 relied on by the court in *Free* refers to "the rights of sur-

vivorship *conferred by these regulations.*" Footnote 3 to § 306.11(2) states that the effect of registering Treasury securities under § 306.11 in the names of two or more persons "differs decidedly" from registration of savings bonds in coownership form. We do not believe that § 306.11(2) relied on by defendants confers any ownership rights.

We reverse the trial court's order granting summary judgment to defendants and remand this case for further proceedings. We reverse the trial court's denial of U.M.B.'s Motion For Attorney Fees. On remand, the trial court should initially determine if interpleader is appropriate. If so, then the procedures for interpleader should be followed. If interpleader lies, to the extent the trial court determines that U.M.B. has acted merely as a stakeholder, attorney fees should be awarded. *See Northwestern Nat. Ins. Co. v. Mildenberger,* 359 S.W.2d 380 (Mo.App.1962).

All concur.