Gilbert A. SMESTAD, Petitioner and Appellant,

v.

Orlando V. ELLINGSON, Director of Safety Responsibility Division, representing Walter R. Hjelle, State Highway Commissioner, Respondent.

Civ. No. 8727.

Supreme Court of North Dakota.

Nov. 16, 1971.

Farhart, Rasmuson & Olson, Minot, for petitioner and appellant.

Joseph A. Vogel, Jr., Sp. Asst. Atty. Gen., Bismarck, for respondent.

STRUTZ, Chief Justice, on reassignment.

The petitioner was involved in an intersectional accident. The investigating officer did not see the accident, but in observing him at the scene of the accident noted that petitioner's speech was slurred, that he walked in an unsteady manner, that he had difficulty in responding to the officer's questions, that his eyes were glazed and bloodshot, and that he had a strong odor of alcohol about him. The officer thereupon placed the petitioner under arrest for operating a motor vehicle while intoxicated and took him to the police station. At the station, the petitioner was advised of his constitutional rights. He then was given certain tests such as walking, turning and walking back, coin tests, a finger-to-nose test, and a balance test. On the finger-to-nose test, the petitioner completely missed his nose with both his right hand and his left hand. His walking was unsure. He then was asked to submit to a Breathalyzer test and was told of the consequences if he should refuse. The petitioner, however, did refuse to submit to the Breathalyzer test. When his refusal was reported to the Safety Responsibility Division of the State Highway Department, an order was entered

revoking his driver's license for a period of six months.

The case against the petitioner for driving while under the influence came on for hearing and was dismissed by the court on motion of the petitioner's attorney, without any hearing. The petitioner thereupon requested the Safety Responsibility Division of the State Highway Department to revoke its order suspending his license and requested an administrative hearing, as provided for under the law. Such hearing was held and resulted in the entry of an order sustaining the order of revocation of his license. The petitioner thereupon requested judicial review by the district court. The district court, after hearing, affirmed the order of revocation of license, and this appeal was taken from that order, the petitioner demanding trial de novo in this court.

There are three issues which must be decided on this appeal:

1. Did the officer who arrested the petitioner for driving while under the influence have probable cause to believe that the petitioner was guilty of that offense?

2. If there was probable cause for the arrest, was the petitioner placed under arrest before he was requested to submit to a Breathalyzer test?

3. Did the petitioner, in fact, refuse to take such test?

Section 39–20–01, North Dakota Century Code, as amended, provides that any person who operates a motor vehicle upon the public highways of the State shall be deemed to have given his consent to tests of his blood, breath, saliva, or urine for the purpose of determining the alcohol content of his blood. The Act further provides that the arresting officer shall determine which of the tests shall be used.

This court has held that where a highway user refuses to submit to such tests, the Highway Commissioner is justified in revoking his driver's license because of such refusal. Timm v. State, 110 N.W.2d 359 (N.D.1961). The law, however, requires

that before the officer may administer the tests for alcohol content of blood, the suspect must be placed under lawful arrest, since it provides:

"* * * The test or tests shall be administered at the direction of a law enforcement officer only after placing such person * * * under arrest and informing him that he is or will be charged with the offense of driving or being in actual physical control of a vehicle upon the public highways while under the influence of intoxicating liquor. * * *" Sec. 39–20–01, N.D.C.C.

In the case before us, the record clearly discloses that after the accident had occurred, the officer who was called to investigate it observed the petitioner's conduct, noted the strong odor of alcohol, and informed the petitioner that he was under arrest for driving while intoxicated. The conduct of the petitioner following the accident and the odor of alcohol were sufficient to give to the officer probable cause for making the arrest. Subsection 6 of Section 29–06–15, North Dakota Century Code, permits a peace officer to arrest a person for the offense of driving a vehicle while under the influence of alcoholic beverages, if the officer makes such arrest on a charge made upon reasonable cause. The record discloses, without contradiction, that the petitioner was placed under arrest before he was requested to submit to a Breathalyzer test. The petitioner himself admits that he did refuse to take the test. Upon being asked what he said when asked to take the test, the petitioner responded: "I said I would not take it because it would tend to incriminate myself."

This brought the petitioner squarely under the provisions of Section 39–20–04 of the North Dakota Century Code, which provides:

"If a person under arrest refuses to submit to chemical testing, none shall be given, but the state highway commissioner, upon the receipt of a sworn report of the law enforcement officer, forward-

ed by the arresting officer within five days after the refusal, showing that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon the public highways while under the influence of intoxicating liquor, and that the person had refused to submit to the test or tests, shall revoke his license or permit to drive and any nonresident operating privilege for a period of six months; * * *"

The petitioner places much reliance upon the decision of this court in the case of Colling v. Hjelle, 125 N.W.2d 453 (N.D.1964). In that case, the majority of this court held that where, at an administrative hearing held upon request of one whose privilege to drive has been revoked, it appears that the person who is placed under arrest for driving while under the influence thereafter was found not guilty of the crime charged, the Commissioner was without authority to revoke the operator's license on the ground that such person had refused to submit to a chemical test for intoxication.

The decision in *Colling* was based upon the law then in force, which provided that a peace officer might make an arrest without warrant for a misdemeanor committed or attempted in his presence. Sec. 29–06–15, N.D.C.C. We further held in that case that an arrest which is a condition precedent to the right of the arresting officer to direct the administration of a chemical test must be a lawful arrest, and that an arrest made without warrant under the mistaken belief that the offense for which the arrest was made was committed in the officer's presence, when in fact the person arrested is not guilty, is not a lawful arrest. Since there had been no valid arrest, Colling's license could not be revoked for refusal to take the test.

After *Colling*, the Legislature twice amended Section 29–06–15, North Dakota Century Code. In 1967, it enacted Chapter 258 of the Session Laws, which provided that a peace officer without warrant may arrest a person for a public offense committed or attempted in his presence, and that a crime shall be deemed to have been committed or attempted in his presence when what the officer observes reasonably indicates to him that the crime was committed or attempted in his presence. The Legislature, by Section 4 of Chapter 91, Session Laws of 1969, further amended Section 29–06–15 by adding Subsection 6 to that section, which provides that a peace officer may arrest a person without warrant—

"6. On a charge, made upon reasonable cause, of driving or being in actual physical control of a vehicle while under the influence of alcoholic beverages."

Thus, although in the case before us the offense was not committed in the presence of the officer, the changes in the law since *Colling* gave to the arresting officer the authority to make a valid arrest if the circumstances were such that he had reasonable cause to believe that the petitioner had been driving while under the influence. We find that the officer, for the reasons heretofore set forth, did have reasonable grounds to make a valid arrest of the petitioner for driving while under the influence.

The fact that the charges against the petitioner were dismissed and that there was no conviction is immaterial. All that the law now requires as a condition precedent to a chemical test is that there be a valid arrest. We have found that there was a valid arrest in this case prior to the demand that the petitioner submit to a chemical test. Where the highway user refuses to submit to such test after a valid arrest, the Highway Commissioner is empowered to revoke his driver's license. Timm v. State, *supra*.

The order appealed from, which sustained the order of the Highway Commissioner revoking the petitioner's driving privilege, is affirmed.

ERICKSTAD, PAULSON, KNUDSON and TEIGEN, JJ., concur.