**STATE of Missouri, Defendant-Appellant,**

**v.**

**Lela BYERLY, Plaintiff-Respondent.**

**No. 35599.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

April 1, 1975.

Stephen C. Banton and John A. Newton, Asst. Pros. Attys., Clayton, for defendant-appellant.

Brady, Brady & Devereaux, St. Louis, for plaintiff-respondent.

SIMEONE, Presiding Judge.

This is an appeal by the State of Missouri from an order of the circuit court of St. Louis County dismissing its appeal from the magistrate court which reinstated respondent-Lela J. Byerly's driving privileges. For reasons hereinafter stated, we reverse the order and remand the cause for further proceedings.

The issue presented—one of first impression in this state—is whether the driver's license of an operator, arrested for allegedly driving under the influence of intoxicating liquor and who has refused to submit to a sobriety test, may be revoked when the driver is subsequently acquitted of the charge for driving under the influence of liquor. Or stated somewhat differently, if a driver arrested for driving while intoxicated refuses to submit to a chemical test and is later acquitted of the offense, may the state nevertheless revoke the license under the provisions of § 564.-444, RSMo 1969, V.A.M.S., on the ground that the driver refused to submit to a chemical test of his breath? We hold that even though the driver is subsequently acquitted of the charge of driving under the influence of intoxicating liquor, the license may nevertheless be revoked by the Director of Revenue for refusal to submit to a chemical test.

In 1973, respondent Lela J. Byerly was arrested for allegedly driving under the in-fluence of intoxicating liquor. She refused to submit to an intoximeter test (§ 564.-444), and as a result the Director of the Department of Revenue, on February 26, 1973 revoked her driver's license for one year.

On March 9, 1973, respondent-Byerly filed her petition for review in the sixth district magistrate court in St. Louis County, the place of her residence. In her petition she stated that she received a notice of revocation of the privilege of operating a motor vehicle in Missouri for a period of one year for the reason that she refused to submit to a chemical test "when arrested" for allegedly driving under the influence of liquor. She sought an order of the court to set aside the revocation.

On April 17, 1973, the magistrate ordered the Director of Revenue to show cause why the order of revocation should not be set aside. On May 17, 1973, the magistrate, after a hearing, ordered the state to reinstate respondent's driving privileges.

The state appealed the order to the circuit court of St. Louis County. §§ 512.180, 512.270. On July 16, 1973, the cause was heard in that court. The attorney for Mrs. Byerly explained that she had been acquitted of the charge in the municipal court of the City of St. Louis on May 15, 1973, and that the magistrate in St. Louis County had reinstated her driving privileges. The circuit court thereupon dismissed the state's appeal "for the reason that Petitioner's Driving Privileges have been reinstated by the Sixth District Magistrate Court & she has been acquitted of the charge of Driving Under the Influence by the Judge of City Court # 2 (Two) in the City of St. Louis, Mo."

The state appealed this order. On this appeal the state contends that the circuit court erred in affirming the reinstatement of the driving privileges of the respondent because of her acquittal by the City Court ". . . as such a holding was irrelevant to the question of reinstatement of those privileges." The state requests a new trial.

The respondent has not favored us with a brief. Rather, respondent has moved to dismiss the appeal on the ground that the transcript of the proceedings was not timely filed. Rules 81.18, 81.19, V.A.M.R. This court, however, through the Chief Judge, granted an extension of time to file the transcript. The transcript was filed within the time authorized by the Chief Judge. The respondent's motion to dismiss the appeal is therefore denied.

In 1965, our General Assembly passed comprehensive statutes dealing with the problem of driving while intoxicated upon the public highways. § 564.441 provides in part that:

> "Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent to . . . a chemical test of his breath for the purpose of determining the alcoholic content of his blood if arrested for any offense arising out of acts which the arresting officer had reasonable grounds to believe were committed while the person was driving a motor vehicle while intoxicated."

§ 564.444 provides in part that: "If a person under arrest refuses upon the request of the arresting officer to submit to a chemical test, . . . the director shall revoke the license of the person . . . for a period of not more than one year."

These statutes were upheld against constitutional attacks in Blydenburg v. David, 413 S.W.2d 284 (Mo. banc 1967). These statutes provide a method whereby an operator's license may be revoked for refusal to submit to a sobriety test and for judicial review of such administrative action. For an analysis of the law, see Comment, The Missouri Implied Consent Law, 12 St. Louis U.L.J. 287 (1968).

§ 564.444 mandates that the director shall revoke the license of a person arrested for driving while intoxicated if (1) a person under arrest refuses upon the request of the arresting officer to submit to a chemical test, (2) the officer includes in the request the reasons for the person to submit, (3) the officer informs the person that his license may be revoked upon refusal, and (4) the officer makes a sworn report to the director that he has reasonable grounds to believe that the person was driving under the influence and that, on his request, the person refused to submit to a test. This section further provides that if a person's license is revoked because of refusal to submit to a test, he may request a hearing before a court at which the judge is required to determine *only*: "(1) Whether or not the person was arrested; (2) [w]hether or not the arresting officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated condition; and, (3) [w]hether or not the person refused to submit to the test."

These revocation proceedings under the so-called "Implied Consent Law" are administrative and civil in nature and are not criminal or quasi-criminal. The operation of a motor vehicle while under the influence of intoxicants may give rise to two separate and distinct proceedings—one civil and the other criminal or quasi-criminal.[1] Each proceeding is independent of the other. Severson v. Sueppel, 260 Iowa 1169, 152 N.W.2d 281, 285 (1967). The outcome of one action is of no consequence to the other. Acquittal, vel non, has no bearing on the revocation for refusal to submit to a chemical test.

All jurisdictions which have considered the question at hand conclude that the fact that the motorist who is subsequently acquitted on a charge of driving under the influence does not preclude an administrative revocation of a driver's license because of his refusal to submit to a chemical test.[2]

---

1. See Kansas City v. Bott, 509 S.W.2d 42 (Mo. banc 1974), which holds that a person acquitted in a municipal court cannot be tried de novo in the circuit court.

2. Fritts v. Department of Motor Vehicles, 6 Wash.App. 233, 492 P.2d 558, 562–563 (1971); Severson v. Sueppel, supra, and cases cited therein at 285; Anderson v. Mac-

■ Under all these authorities, we believe that a criminal or quasi-criminal charge is a separate and independent proceeding from the proceedings under § 564.-444 mandating the director to revoke the license of a person who refuses to take a sobriety test. Regardless of whether driving on the highways of our state is a right or a privilege[3], the state, acting through the General Assembly, may provide, in the exercise of its police powers, for revocation of a driver's license for refusal to submit to a breath test, although the person is subsequently acquitted on the charge of driving under the influence of intoxicants. The General Assembly has the right to address itself to this societal problem.

■ As stated in Fritts v. Department of Motor Vehicles, supra, 492 P.2d at 562, the purpose of such a statute revoking the license for refusing to submit to a test is to protect the public, not to punish the licensee. The revocation of the license for refusal is an administrative function flowing from the police power of the state to regulate driving in the interest of public welfare and safety. The fact that the criminal (or quasi-criminal) charge is not proved has no bearing on the civil revocation proceedings to revoke a license for refusal to submit to a test of his breath. "Indeed, the very value of the implied consent legislation is that the outcome of the criminal charges be of no consequence to the administrative proceeding on the license revocation. . . ." Fritts v. Department of Motor Vehicles, supra, 492 P. 2d at 562.

■ We conclude therefore that (1) a charge of driving under the influence of intoxicants is a separate and independent proceeding from an administrative revocation of a driver's license under § 564.444; (2) an acquittal upon a charge of driving under the influence does not preclude an administrative revocation of a driver's license under § 564.444 for refusal to submit to a chemical test requested by the arresting officer; (3) upon the judicial hearing requested by the person whose license has been revoked, the judge is authorized to determine only (a) whether the person was arrested, (b) whether the officer had reasonable grounds to believe that the driver was driving a vehicle in an intoxicated condition and (c) whether the driver refused to submit to a chemical test of his breath; and (4) the relevant issues to reinstate the license under the statute were not determined.

Since we hold that the acquittal in City Court Number 2 in the City of St. Louis is irrelevant to the administrative revocation of respondent's driver's license for refusal to submit to a test under § 564.444, and conclude that the circuit court did not determine the relevant issues for reinstatement and could not reinstate the driving privileges on the ground that the respondent had been acquitted of the charge of driving under the influence of intoxicants, the judgment and order of the circuit court of St. Louis County is reversed, and the cause is remanded for further proceedings.

The order is reversed and the cause remanded.

McMILLIAN and GUNN, JJ., concur.

Duff, 208 Misc. 271, 143 N.Y.S.2d 257, 259 (S.Ct.1955); Bungardeanu v. England, 219 A.2d 104, 107 (D.C.App.1966); Prucha v. Department of Motor Vehicles, 172 Neb. 415, 110 N.W.2d 57, 81 (1961), (blood test); Smestad v. Ellingson, 191 N.W.2d 799, 802 (N.Dak.1971), (dismissal of criminal charge); State, Department of Highways v. Styrbicki, 284 Minn. 18, 169 N.W.2d 225, 227 (1969); Commonwealth, Dept. of Transportation v. Abraham, 7 Pa.Cmwlth. 535, 300 A.2d 831 (1973); Commonwealth, Dept. of Transp., etc. v. Everett, 8 Pa.Cmwlth. 502, 303 A.2d 850 (1973); Commonwealth, Dept. of Transp., etc. v. Pregard, 303 A.2d 851, 8 Pa.Cmwlth. 500 (1973); Annot., 88 A.L.R.2d 1064, 1076 (1963).

3. In Blydenburg v. David, supra, such a license is termed a privilege. 413 S.W.2d at 289.