James Reed TOLEN, Appellant,

v.

**MISSOURI DEPARTMENT OF REVENUE, Respondent.**

No. KCD 29099.

Missouri Court of Appeals, Kansas City District.

April 3, 1978.

Lyle E. Spillman, Trenton, for appellant; Holcomb, Spillman & Roberts, Trenton, of counsel.

John D. Ashcroft, Atty. Gen., J. Michael Davis, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., WASSER-STROM, J., and MASON, Special Judge.

SHANGLER, Presiding Judge.

This appeal comes from the judgment of the circuit court that the revocation of the Tolen driver's license by the Director of Revenue for refusal to submit to the chemical breath test for intoxication was justified under § 564.444, RSMo 1969.

The statute confines the circuit court inquiry to three determinations: whether or not (1) the person was arrested; (2) the officer who made the arrest had reasonable grounds to believe that the person who drove a motor vehicle while in an intoxicated condition; and (3) the person refused to submit to the test. Tolen concedes that he was lawfully arrested and that he refused to submit to the test. He disputes only that the officer had reasonable grounds to believe he drove while intoxicated.

The officers found Tolen, in the early morning, slumped over the wheel of a van asleep. The keys were in the ignition and neither officer could recall whether the engine was turning, but the headlights were off. The van was parked near an intersection at a radical angle across a prohibited area so that a vehicle in a proper lane of travel would be required to cross over the center line to avoid the van. The officers, with difficulty, aroused Tolen and requested his driver's license. He fumbled for five or ten minutes but was unable to comply so they arrested him for failure to produce a valid license. Tolen had told the officers that he had "just driven in" from a nearby nightclub where alcoholic beverages were served. The officers noticed that Tolen was unsteady on his feet, was redolent of alcohol, and that his speech was slurred. These observations prompted them to request that Tolen take the chemical breath test. They warned him of the consequences of failure to submit to the test, and he agreed to it. He was then arrested for driving while intoxicated. Upon arrival at the police station, Tolen produced a valid California license and refused to submit to the breath test. The revocation ensued.

Tolen contends that his statement that he had just driven the van in from the nightclub and did not know he had parked in such a manner was a confession not admissible absent independent proof of the corpus delicti, and that there was not sufficient evidence otherwise to sustain the revocation. This argument rests on a faulty premise: that an administrative proceeding for revocation of driver's license is subject to the rules of evidence in criminal cases.

While in a criminal case the extrajudicial statements of an accused are not admissible to show guilt in the absence of independent direct or circumstantial proof of the corpus delicti [*Kansas City v. Verstraete*, 481 S.W.2d 615, 616[1–3] (Mo.App. 1972)], the purpose of § 564.444, which authorizes license revocation, is to protect the public, not to punish the licensee. *State v. Byerly*, 522 S.W.2d 18, 21[5] (Mo.App.1975). For even though a driver may be acquitted of the criminal charge of operation of a vehicle while intoxicated, his license nevertheless may be revoked for failure to submit to the test. The operation of a motor vehicle while intoxicated may give rise to two proceedings, one criminal or quasi-criminal [breach of statute or ordinance], and the other civil [revocation of license]—each proceeding independent of the other. *Byerly, supra*, l. c. 20[2, 3]. There was no impediment to the reception of the extrajudicial statement to prove that the officers had reasonable grounds to believe Tolen operated his motor vehicle while intoxicated.

The evidence that Tolen parked his vehicle in the roadway—and so became a hazard to lawful traffic—that he parked in a prohibited zone, that he fumbled so long for his license, that his speech was slurred, that he gave off an odor of alcohol, that he was unsteady on his feet, that he was found asleep in the van over the wheel, that the ignition keys were in place, and his admission he had just driven in from a tavern, all support a reasonable inference that Tolen had driven his motor vehicle to that site while in an intoxicated condition.

Tolen relies on *State v. Dodson*, 496 S.W.2d. 272 (Mo.App.1973), to nullify the inference of intoxication from the statement to the officers that he had just driven

from a tavern. *Dodson* was a criminal conviction for operation of a motor vehicle while intoxicated. The defendant had driven off the road in a one-car accident. He went home from the scene and an hour later the officers came to his home to interrogate him about the event. The officer found Dodson asleep, roused him, detected a strong odor of alcohol about him, saw him unsteady on his feet, eyes bloodshot, and observed that his speech was incoherent. The officer arrested Dodson for operation of his motor vehicle while intoxicated. The court reversed the conviction because evidence that the driver was intoxicated when found by the police was not substantial proof as to his condition an hour earlier.

That rationale does not govern these facts. The admission made by Tolen to the police that he had *just* driven in from the tavern means, reasonably, that he had *exactly at the moment spoken of* [Oxford Universal Dictionary, Third Edition], or at least, *but a very short time ago* [Webster's Third New International Dictionary Unabridged], operated his vehicle.

The arrest was on reasonable grounds.

The judgment is affirmed.

All concur.