**Samvester BROWN, Appellant,**

v.

**The UPJOHN COMPANY, Respondent.**

**No. 46102.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 12, 1983.

Charles E. Gray, St. Louis, for appellant.

Sullivan, Watkins & Albair, Clayton, for respondent.

CRIST, Judge.

In an action to recover damages against the manufacturer of a prescription drug and against the prescribing physician, plaintiff appeals from the grant of summary judgment in favor of respondent manufacturer.

Respondent manufactures the prescription drug prednisone, an adrenocortical steroid, and markets it under the trade name Deltasone. Defendant physician treated plaintiff with this drug for 6 or 7 months. Plaintiff alleges that as a direct result of the ingestion of prednisone, he developed aseptic necrosis of the femoral heads, necessitating surgical removal of both hips and the implantation of two prostheses, rendering plaintiff totally and permanently disabled.

Count I of plaintiff's petition alleges the manufacturer caused his injuries by neglect in:

(1) Failing to instruct doctors or patients advising a limited or non-use of prednisone in the event of certain indications of illness or injury;

(2) Failing to warn doctors of the side effects of prednisone, particularly the danger of aseptic necrosis;

(3) Failing to properly monitor the use of prednisone after it was placed on the market and/or to constantly inform itself through physicians, or other agencies, of prednisone's harmful effect on some patients in time to prevent further injury to plaintiff;

(4) Placing prednisone on the market without adequate and sufficient testing to determine any injurious qualities inherent in the drug; and

(5) Failing to warn doctors that patients taking prednisone were suffering drastically ill effects.

In Count II, plaintiff alleges that prednisone was a drug unsafe for its intended use due to the manufacturer's negligence alleged in Count I.

Manufacturer filed an unverified motion for summary judgment unsupported by affidavit but accompanied by an "exhibit" purporting to illustrate the "package insert" manufacturer claims in its motion accompanied all units of Deltasone packaged for marketing during the time plaintiff was treated. Plaintiff made no response.

 Rule 74.04(b) permits a motion for summary judgment to be made "with or without supporting affidavits." An unverified motion, however, may not substitute for one of the functions an affidavit performs in Rule 74.04 summary judgment practice. The affidavit constitutes evidentiary material by which the moving party demonstrates entitlement to the drastic relief afforded by a summary judgment. See, *American National Bank v. White River Service Corp.,* 586 S.W.2d 454, 457 (Mo.App. banc 1979); Rule 74.04(h). The purported exhibit fails to meet the evidentiary requirement of Rule 74.04(e) which requires all copies of papers referred to, attached and served with the affidavits constituting the evidentiary material before the court to be sworn to or certified.

Manufacturer claims the exhibit was properly before the court as an exhibit to manufacturer's verified answers to plaintiff's interrogatories filed in conjunction with the motion for summary judgment. Unlike Federal Rule of Civil Procedure 56(c), Rule 74.04 contains no express provision for the use of interrogatories in Missouri's summary judgment procedure. Under the older version of the Federal Rule and consistently under ours, however, they were and continue to be considered anyway. See, 6 J. Moore, Moore's Federal Practice, ¶ 56.11[1.–4], at 56–201 (2d ed. 1982); *National Motor Club of Missouri, Inc. v. Noe,* 475 S.W.2d 16, 19 (Mo.1972); Annot. 74 A.L.R.2d 984, 985 (1960). Plaintiff, however, was entitled to know whether manufacturer was relying upon manufacturer's answers to interrogatories, and, if so, the specific parts thereof.

 Manufacturer's motion for summary judgment makes no reference to any supporting documents, including the interrogatory answers, or evidence other than the purported exhibits. The answers to interrogatories were not referred to nor offered

into evidence and were not before the trial court for its consideration. An unverified and unsupported motion does not prove itself. *Fine v. Waldman Mercantile Co.,* 412 S.W.2d 549, 551 (Mo.App.1967). See also, *Cooper v. Finke,* 376 S.W.2d 225, 229 (Mo. 1964) and *Taylor v. Royal Insurance Co.,* 34 F.R.D. 132, 133–34 (W.D.Mo.1963).

The failure of manufacturer to offer support for its motion for summary judgment as provided in Rule 74.04 did not obligate plaintiff to respond by affidavit or otherwise. Plaintiff's inaction did not constitute an admission of manufacturer's interrogatory answers as provided for in Rule 74.04(e). *Dowdy v. Lincoln National Life Ins. Co.,* 384 S.W.2d 282, 284–285 (Mo.App. 1964).

Lacking evidentiary support, manufacturer's motion for summary judgment did not demonstrate the non-existence of a genuine issue of material fact. In negligence cases, summary judgment is generally not as feasible as in other kinds of cases. *Blackburn v. Swift,* 457 S.W.2d 805, 807 (Mo.1970); *Cooper v. Finke, supra.* The ultimate facts pleaded by plaintiff, together with all reasonable inferences drawn from the allegations, indicate possible grounds upon which plaintiff could prevail.

The order granting manufacturer's motion for summary judgment is reversed and the cause remanded.

CRANDALL, P.J., and REINHARD, J., concur.