Donald G. BORCHELT, Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.

No. 17098.

Missouri Court of Appeals,
Southern District,
Division One.

March 25, 1991.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

No appearance for respondent.

CROW, Judge.

The Director of Revenue ("Director") appeals from a "Summary Judgment" ordering him to reinstate the motor vehicle operator's license of Donald G. Borchelt. The Director had revoked the license per § 577.041.1, RSMo Supp.1987, because Borchelt refused to submit to a chemical test of his breath after being arrested for driving while intoxicated ("DWI"). § 577.010, RSMo 1986.

The circuit court based its judgment on "res judicata." The court held it was bound by a finding of another judge in a DWI case against Borchelt that the arresting officers "had no reasonable cause to believe [Borchelt] was driving a motor vehicle while in an intoxicated condition."

The Director's sole point relied on in this appeal maintains any determination in the DWI case was not res judicata in the instant case because "the two proceedings were not the same cause of action and did not involve identical issues or the same parties."

The epic began January 31, 1989, when, upon petition of Borchelt's wife, the Circuit Court of Cape Girardeau County issued an

ex parte order of protection, § 455.035, RSMo 1986, barring Borchelt from abusing, molesting or disturbing his wife and from entering upon the premises of her dwelling. The case was assigned number CV689–213DR.

About 9:05 p.m., December 4, 1989, Borchelt drove his pickup into the driveway of his wife's residence.[1] His 18–year–old daughter, who was in the living room, telephoned the Cape Girardeau County Sheriff's Department, stating Borchelt was at the residence in violation of the ex parte order. Borchelt drove away soon afterward.

At 9:14 p.m., three deputy sheriffs observed Borchelt in his pickup on a barn lot. One of the deputies approached the pickup and knocked on the window. Borchelt did not respond. The deputy opened the door and Borchelt "nearly fell out." The deputy arrested Borchelt for violating the ex parte order.

The arresting officer detected a strong odor of intoxicants on Borchelt's breath. His speech was slurred, his eyes bloodshot, and he had difficulty maintaining his balance. Alcoholic beverages were found in the pickup.

The arresting officer took Borchelt to the sheriff's office and informed Borchelt he was also under arrest for DWI. The officer requested Borchelt to submit to a "BAC Verifier" test of his breath. Borchelt refused.

Borchelt was charged with two crimes in the Circuit Court of Cape Girardeau County (Judicial Circuit 32): violating the ex parte order, § 455.085.7, RSMo Cum.Supp. 1989 (Count I), and DWI (Count II).[2] The case was assigned number CR589–1437M.

The arresting officer filed a sworn report with the Director per § 577.041.1, RSMo Supp.1987, stating the officer had reasonable grounds to believe Borchelt was driving a motor vehicle while in an intoxicated condition and the officer requested Borchelt to submit to a chemical test to determine the alcohol content of his blood, but Borchelt refused.

On January 17, 1990, the Director mailed a notice to Borchelt that effective February 22, 1990, his privilege to legally operate a motor vehicle in Missouri would be revoked for one year for refusal to submit to the test.

Borchelt thereupon commenced the instant proceeding in the Circuit Court of Bollinger County (allegedly his county of residence) per § 577.041, RSMo Supp.1987, which reads:

"1. ....

2. If a person's license has been revoked because of his refusal to submit to a chemical test, he may request a hearing before a court of record in the county in which he resides or in the county in which the arrest occurred.... At the hearing the judge shall determine only:

(1) Whether or not the person was arrested;

(2) Whether or not the arresting officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated condition; and

(3) Whether or not the person refused to submit to the test.

3. If the judge determines any issue not to be in the affirmative, he shall order the director to reinstate the license or permit to drive.

...."

On May 4, 1990, Borchelt's resourceful counsel filed a motion to dismiss the charges in CR589–1437M. The motion alleged the ex parte order Borchelt was ac-

---

1. The events of December 4, 1989, are chronicled in reports and written statements compiled by the Cape Girardeau County Sheriff's Department and included in the record on appeal. These documents are among those certified by the Custodian of Records, Drivers License Bureau, Missouri Department of Revenue, as records relating to the Director's revocation of Borchelt's license. § 302.312, RSMo Supp.

1987. The latter documents, in turn, are included in the legal file, certified by the court clerk as a true copy of "all of original file" in the instant case.

2. The information is not in the legal file. The substance of the charges has been gleaned from other documents.

cused of violating in Count I was void on the date he allegedly violated it (December 4, 1989), because no hearing had been held in CV689–213DR within 15 days after the order was entered, no continuance had been granted for good cause, and no full order of protection had been issued. See: §§ 455.035–.040, RSMo 1986. Consequently, pled the motion, Count I should be dismissed.

As to Count II (the DWI charge) the motion averred:

"Defendant ... moves the dismissal of Count II of this Information for the following reasons: Accompanying this Motion to Dismiss are Motions to Suppress Evidence.... Defendant states that because the alleged ex parte order was of no force and effect and was invalid, and because the officers were sent to search for defendant based upon a non-existent, illegal and unconstitutional order (namely the nugatory and non-existent ex parte order), there was a lack of probable cause for all of the actions taken by the officers. This being true, and inasmuch as the officers went onto private property [to] arrest defendant at a time he was not driving a motor vehicle, and because that arrest was unlawful and illegal, all information gathered by the officers as a result of such illegal and unlawful arrest should be suppressed, and if suppressed, Count II of this information should be dismissed."

Accompanying the motion to dismiss was a "Motion to Suppress Evidence." It averred the alcoholic beverages found in Borchelt's pickup December 4, 1989, should be suppressed, as the search and seizure were unlawful. The motion asserted there was no probable cause for Borchelt's arrest "based upon all of the allegations and facts set forth in the Motion to Dismiss" and in a contemporaneous motion to suppress Borchelt's statements.

On May 7, 1990, The Honorable William S. Rader, an Associate Circuit Judge of the Circuit Court of Cape Girardeau County, took up Borchelt's motion to dismiss in CR589–1437M. An entry on the court's docket sheet that date reads, in pertinent

part: "Court orders Count I dismissed. Motion in regard to Count II taken under advisement.... Court overrules Defendant's Motion to Suppress Evidence on Count II."

On May 9, 1990, Judge Rader again took up CR589–1437M. As we comprehend the record, Borchelt filed another motion to dismiss that date. This motion averred the State had failed to comply with a motion to produce filed by Borchelt five months earlier. Specifically, alleged Borchelt, there were records in the sheriff's office demonstrating no report was made by Borchelt's wife or daughter that he was drinking December 4, 1989, hence the records would show an absence of knowledge by the deputies, as they approached Borchelt's pickup, that he had earlier been drinking. Consequently, pled the motion, the records would show a lack of probable cause for the arrest. The motion concluded: "Since the State has not produced this essential and important material and information which is under its control defendant requests the dismissal of the DWI charge."

Judge Rader made a docket entry that date (May 9, 1990) in CR589–1437M stating, in pertinent part: "[D]efendant files ... Motion to Dismiss. Hearing held on Motion to Dismiss; motion sustained. Cause dismissed."

On May 16, 1990, Borchelt filed a motion for summary judgment in the instant case. It averred the State lacked "probable cause" to arrest him December 4, 1989. The motion asserted:

"... such issue has been determined and decided by the Hon. William Rader ... in Case CR589–1437M. In that case [Borchelt] was charged with a class A misdemeanor of violation of an ex parte order. The Court found that there was no valid ex-parte order and dismissed Count I of that case. The Court then found and determined that there was a lack of probable cause for arrest for the DWI charge, and Count II was dismissed. Those orders are dispositive [sic] of the issue of probable cause; it is essential that the State of Missouri have probable cause for an arrest before a person can

be subjected to lose [sic] of his ... driving privilege for alleged failure to take a breathalyzer test.... It is not for this court to determine if there was probable cause for [Borchelt's] arrest. That deterimination [sic] has been made by a ... Judge of the same judicial circuit as this court at a time that the same persons were parties to the lawsuit, namely the State of Missouri and ... Borchelt. That issue is res judicata and there is no question or issue for this court to decide with regard to probable cause....

Based upon [the] records [in CR589–1437M and CV689–213DR, Borchelt] moves this court to find in [his] favor ... by way of summary judgmenmt [sic] for the reasons set forth above."

The circuit court took up the motion for summary judgment the day it was filed. The Prosecuting Attorney of Bollinger County appeared, as did Borchelt and his lawyer. The court entered "Summary Judgment" providing, in pertinent part:

"... based upon [the] Motion For Summary Judgment the Court find [sic] the following: Judge William Rader ... of the 32nd Judicial Circuit Court in ... Case No. CR 589–1437M dismissed Count I ... (a charge of violation of an ex-parte order) on May 7, 1990 and dismissed Count II ... (the DWI charge) on May 9, 1990. Judge Rader's dismissal of those two charges was based upon a finding that the officers had no probable cause for making the arrest of [Borchelt], and had no reasonable cause to believe that [Borchelt] was driving a motor vehicle while in an intoxicated condition. The Court finds that Judge ... Rader's ruling on that [sic] the issue of probable cause for [Borchelt's] arrest and Judge Rader's finding that there was no reasonable cause to believe that [Borchelt] was driving a motor vehicle while in an intoxicated condition is res judicata and this

court is bound by those rulings. *The court further finds from ... the exhibits attached to the [motion for summary judgment] that the ex parte order for which the officers allegedly arrested [Borchelt] was non-existent; that there was no probable cause to believe that such an order existed; that therefore the initial arrest of [Borchelt] was illegal and unlawful; that there was no other evidence whatsoever of probable cause or reasonable grounds for the officers to believe that [Borchelt] had operated the motor vehicle in question in an intoxicated ... condition."* (Emphasis added.)

The judgment ordered reinstatement of Borchelt's driver's license. This appeal followed.

The above-quoted excerpt from the judgment confirms the Director's assertion that the circuit court applied the principle of res judicata. However, the final sentence of the excerpt suggests that in addition to relying on res judicata, the circuit court made independent findings of fact from exhibits attached to the motion for summary judgment.[3] Those findings are: (1) the ex parte order was void on the date Borchelt allegedly violated it, (2) the officers who confronted Borchelt that date had no probable cause to believe the order existed, (3) Borchelt's arrest for violating the order was therefore unlawful, and (4) there was no other evidence supplying probable cause or reasonable grounds for the officers to believe Borchelt had operated his pickup in an intoxicated condition.

While findings "(2)" and "(3)" may be suspect, see § 455.085.2, RSMo Cum.Supp. 1989, we need not address that subject. Neither finding is relevant to any of the three issues a circuit court must determine under § 577.041.2, RSMo Supp.1987 (quoted earlier).[4]

---

3. Those exhibits may have included the documents referred to in the first sentence of footnote 1, *supra.* However, that cannot be conclusively determined from the record.

4. The circuit court may have been under the impression that if Borchelt's arrest for violating the ex parte order was unlawful, the arresting

officer's observations of Borchelt's indicia of intoxication were inadmissible in the instant proceeding. That is a misconception. *Green v. Director of Revenue,* 745 S.W.2d 818, 820–21 (Mo.App.1988). *Cf. James v. Director of Revenue,* 767 S.W.2d 604, 610–12 (Mo.App.1989).

Finding "(4)," however, answers the issue specified in paragraph "(2)" of § 577.041.2, i.e., whether the arresting officer had reasonable grounds to believe the arrestee was driving a motor vehicle while in an intoxicated condition. A circuit court that finds this issue in the negative must order reinstatement of the arrestee's driver's license. § 577.041.3.

Consequently, if finding "(4)" is supported by the proof required for summary judgment, it provides an alternative basis for the judgment here, independent of the circuit court's reliance on res judicata. However, absent such evidentiary support, finding "(4)" supplies no basis for affirmance. This question must be resolved before we consider the Director's assignment of error.

Summary judgment is a drastic remedy and is therefore inappropriate unless the prevailing party has shown by unassailable proof to be entitled thereto as a matter of law. *White v. American Republic Ins.,* 726 S.W.2d 357, 360[2] (Mo.App.1987); *First National Bank of St. Charles v. Chemical Products, Inc.,* 637 S.W.2d 373, 375[2] (Mo.App.1982).

Borchelt's motion for summary judgment did not request the circuit court to make findings of fact and, as we comprehend the record, the circuit court conducted no evidentiary hearing.[5] The only source of information available to the circuit court appears to have been the attachments to the motion for summary judgment. The motion was unverified and, as best we can piece the record together, none of the attachments were affidavits.

Rule 74.04(a)[6] permits a motion for summary judgment to be made "with or without supporting affidavits." However, an unverified motion may not substitute for one of the functions an affidavit performs in summary judgment practice. *Brown v. Upjohn Co.,* 655 S.W.2d 758, 759[1] (Mo. App.1983). An affidavit in support of a motion for summary judgment constitutes evidentiary material by which the moving party demonstrates entitlement to the drastic relief afforded by summary judgment. *Id.* at 759[2].

Summary judgment is to be rendered only when it is clear from the pleadings, depositions, admissions on file, and any affidavits that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Black Leaf Products Co. v. Chemsico, Inc.,* 678 S.W.2d 827, 829[2] (Mo.App.1984); Rule 74.04(c).

■ In the instant case none of the issues specified in § 577.041.2, RSMo Supp. 1987, was resolved by any pleading, and there were no depositions, answers to interrogatories, or admissions on file. Consequently, as there was no supporting affidavit for Borchelt's motion for summary judgment, there was no evidentiary basis for finding "(4)." An unverified and unsupported motion for summary judgment does not prove itself. *Brown,* 655 S.W.2d at 759–60[4].

■ As Borchelt's motion for summary judgment was unsupported by any evidentiary source authorized in summary judgment practice, finding "(4)" lacked the unassailable proof required for entry of summary judgment. We hold finding "(4)" is a nullity and supplies no basis for the circuit court's judgment. Having made that determination, we now reach the Director's assignment of error.

As reported earlier, the docket sheet in CR589–1437M shows Judge Rader dismissed Count I on May 7, 1990. In doing so Judge Rader evidently accepted Borchelt's theory that the ex parte order in CV689–213DR was no longer valid on the date Borchelt allegedly violated it. Judge Rader's dismissal of Count I on that ground obviously constitutes no finding that the arresting officer lacked reasonable grounds to believe Borchelt was driving his

---

**5.** It has been held a trial court may receive testimony at a hearing on a motion for summary judgment. *Landoll by Landoll v. Dovell,* 779 S.W.2d 621, 628[13] (Mo.App.1989). As that did not occur here we need not, and do not, express any opinion on that issue.

**6.** Rule references are to Missouri Rules of Civil Procedure (1990).

pickup while in an intoxicated condition December 4, 1989.

After dismissing Count I, Judge Rader, in the same docket entry, overruled Borchelt's motion to suppress evidence on Count II. In that motion, as we have seen, Borchelt claimed there was no probable cause for his arrest December 4, 1989. Judge Rader's denial of the motion to suppress implies he rejected that contention.

The docket entry of May 9, 1990, in CR589–1437M, as we comprehend it, shows Borchelt filed a motion to dismiss Count II that date. That motion, it will be recalled, was based on the prosecutor's alleged failure to produce documents demonstrating the officers had no knowledge Borchelt had been drinking when they approached his pickup December 4, 1989. The motion averred Count II should be dismissed *because the prosecutor had failed to produce the documents—not because the officers lacked reasonable grounds to believe Borchelt was driving his pickup while in an intoxicated condition.*

We infer from the docket sheet in CR589–1437M that this was the motion Judge Rader sustained May 9, 1990. Dismissal of a criminal charge as a sanction for a prosecutor's failure to produce documents requested by an accused does not constitute a finding there was an absence of probable cause for an arrest.

Furthermore, nothing in Judge Rader's docket entry of May 9, 1990, refers to Borchelt's arrest or the circumstances surrounding it. Consequently, nothing in that entry constitutes a finding that the arresting officer lacked reasonable grounds to believe Borchelt was driving his pickup while in an intoxicated condition December 4, 1989.

It therefore appears Judge Rader never decided in CR589–1437M that the arresting officer lacked reasonable grounds to believe Borchelt was driving his pickup while in an intoxicated condition. Judge Rader dismissed Count I because the ex parte order was invalid on the date Borchelt allegedly *violated it. Judge Rader* dismissed Count II because the prosecutor failed to produce documents requested by Borchelt.

Consequently, the record in CR589–1437M does not support the contention made by Borchelt to the circuit court in the instant case, i.e., that the issue of "probable cause" for his arrest for DWI had been decided by Judge Rader in CR589–1437M.

■ However, even if that issue had been decided in CR589–1437M, such determination would not have been res judicata in the instant case.

Res judicata prevents a party or privy from relitigating facts or questions in issue in a former action between the same parties which has been settled by judgment on the merits. *Clements v. Pittman,* 765 S.W.2d 589, 591[3] (Mo. banc 1989). Elements of the doctrine are identity of (1) the thing sued for, (2) the cause of action, (3) the persons and parties to the action, and (4) the quality of the person for or against whom the claim is made. *Prentzler v. Schneider,* 411 S.W.2d 135, 138[2] (Mo. banc 1966).

In *Younge v. State Board of Registration for the Healing Arts,* 451 S.W.2d 346 (Mo.1969), *cert. denied,* 397 U.S. 922, 90 S.Ct. 910, 25 L.Ed.2d 102 (1970), an administrative proceeding was commenced against a physician to revoke his license to practice the healing arts. The proceeding was based on the physician's alleged performance of an unlawful abortion. The physician was indicted for the crime of abortion. A jury acquitted him. He then moved to dismiss the administrative proceeding on the grounds of res judicata and collateral estoppel. The hearing officer denied the motion, and the administrative agency revoked the license. On judicial review the Supreme Court of Missouri held res judicata did not apply. The opinion explained:

"The causes of action are not the same; the first was strictly criminal with the aim and purpose of punishment; the present proceeding is administrative in nature, remedial and not penal. For the latter reason the thing sued for was and is not the same in the two proceedings.... no determination made in the criminal case can be binding here by way

of collateral estoppel or, if preferred, as res adjudicata. The Board was free to pursue its own proceedings independently." 451 S.W.2d at 350.

In *Tolen v. Missouri Department of Revenue*, 564 S.W.2d 601 (Mo.App.1978), a driver was arrested for DWI and refused to submit to a chemical test of his breath to determine intoxication. The Director revoked the driver's license for failure to submit to the test. In a proceeding for judicial review of the revocation, the driver contended his admission he had driven the vehicle was inadmissible, as there was no independent proof of the corpus delicti. Without the admission, argued the driver, there was insufficient evidence to sustain the revocation. Upholding the revocation, the appellate court said:

"While in a criminal case the extrajudicial statements of an accused are not admissible to show guilt in the absence of independent direct or circumstantial proof of the corpus delicti ..., the purpose of [the statute authorizing] license revocation, is to protect the public, not to punish the licensee.... For even though a driver may be acquitted of the criminal charge of operation of a vehicle while intoxicated, his license nevertheless may be revoked for failure to submit to the test. The operation of a motor vehicle while intoxicated may give rise to two proceedings, one criminal or quasi-criminal [breach of statute or ordinance], and the other civil [revocation of license] —each proceeding independent of the other.... There was no impediment to the reception of the extrajudicial statement to prove that the officers had reasonable grounds to believe [the driver] operated his motor vehicle while intoxicated." *Id.* at 602.

In *State v. Byerly*, 522 S.W.2d 18 (Mo.App.1975), a driver was arrested for DWI and refused to submit to a chemical test of her breath to determine intoxication. She was charged with DWI in a municipal court. The Director revoked her driver's license for failure to submit to the test. The driver was ultimately acquitted of the DWI charge. In a proceeding for judicial review of the license revocation, the trial court ordered reinstatement. On appeal it was held that a DWI charge is a separate and independent proceeding from an administrative revocation of a driver's license. *Id.* at 21. Consequently, an acquittal of the DWI charge does not preclude administrative revocation of a driver's license for refusal to submit to a chemical test. *Id.* The judgment of the trial court was reversed and the cause was remanded for a hearing in compliance with § 564.444, RSMo 1969 (the precursor of § 577.041, RSMo Supp.1987).

It is clear from *Younge, Tolen* and *Byerly* that even if Judge Rader had decided in CR589–1437M that the arresting officer lacked reasonable grounds to believe Borchelt was driving his pickup while in an intoxicated condition, such determination would not have been res judicata in the instant case. The purpose of the administrative revocation of Borchelt's driver's license was remedial (to protect the public), not to punish Borchelt for DWI. *Tolen,* 564 S.W.2d at 602[3]. Consequently, there was no identity of "the thing sued for" or "the cause of action" in the two proceedings. Absent those elements, res judicata does not apply. *Younge,* 451 S.W.2d at 350.

The "summary judgment" in favor of Borchelt is reversed and the cause is remanded to the circuit court for hearing and determination in compliance with § 577.041, RSMo Supp.1987.

MAUS, P.J., and PREWITT, J., concur.