Tony Shane HUMBERT, Plaintiff–
Respondent,

v.

Duane BENTON, Director of Revenue,
State of Missouri, Defendant–
Appellant.

No. 17272.

Missouri Court of Appeals,
Southern District,
Division Two.

July 11, 1991.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Sp. Asst. Atty. Gen., Jefferson City, for defendant-appellant.

No respondent's brief filed.

SHRUM, Judge.

The Director of Revenue ("Director") appeals from a judgment ordering him to reinstate the motor vehicle operator's license of Tony Shane Humbert. The Director revoked the license per § 302.505, RSMo 1986,[1] because he received a verified report from a law enforcement officer that Humbert was arrested while operating a motor vehicle when the alcohol concentration in his blood or breath was 0.13% or more by weight.

Following an administrative hearing on the issue, the Director's revocation of Humbert's operator's license was sustained. Humbert then filed a petition for trial de novo by the circuit court. Based upon an oral motion by Humbert's counsel, the circuit court took judicial notice of the underlying criminal case filed against Humbert, Case No. CR 689–62M, and then made the following findings:

> The Court finds: The issue of probable cause decided in said prior adjudication is identical to the issue of probable cause presented in the prsent [sic] action; the prior adjucication [sic] resulted in an unambiguous judgment on the merits on the issue of probable cause; that the party against whom collateral estoppel is presently asserted, Respondent herein [Duane Benton, Director of Revenue], was a party or at least in privity with the party to the prior adjudication, being the State of Missouri; and the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate, and did fully litigate, the issue in the said prior cause.

1. Section 302.505 provides, in pertinent part: "The department shall suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe he was driving a motor vehicle while the alcohol concentration in the person's blood or breath was thirteen-hundredths of one percent or more by weight of alcohol in his blood...."

The Court further finds that, based upon the testimony of the arresting officer in said prior cause and the findings and judgment in said prior cause, no probable cause existed for said officer to stop and arrest Petitioner herein.

The Court further finds for the reasons aforesaid Petitioner's Motion asserting collateral estoppel should, or Res judicata, should be sustained.

Following the findings of fact, the trial court entered its judgment ordering the reinstatement of Humbert's operator's license. This appeal followed.

The Director's single point on appeal asserts that any determination regarding probable cause in the DWI case was not res judicata in the instant case nor did collateral estoppel apply because there was no identity of (1) the causes of action, (2) the thing sued for, (3) the issues, or (4) the parties.

■ We reverse and remand for further proceedings because it is well-settled that a finding of lack of probable cause in a criminal case (here, driving while intoxicated, § 577.010, RSMo 1986) is not res judicata in an administrative proceeding by the Director to revoke a driver's license; nor does collateral estoppel preclude the Director from presenting evidence on the issue of probable cause in the revocation hearing because the driver has been acquitted of DWI in the criminal case. *Borchelt v. Director of Revenue*, 806 S.W.2d 95, 100–01 (Mo.App.1991);[2] *Tolen v. Missouri Department of Revenue*, 564 S.W.2d 601, 602 (Mo.App.1978); *State v. Byerly*, 522 S.W.2d 18, 21 (Mo.App.1975).

We note that in the instant case the trial court applied principles of collateral estoppel and res judicata in reaching its decision. Because those terms are used more or less interchangeably, we consider them as a single principle. *See Younge v. State Board of Registration for the Healing Arts*, 451 S.W.2d 346, 349 (Mo.1969), *cert. denied*, 397 U.S. 922, 90 S.Ct. 910, 25 L.Ed.2d 102 (1970).

Res judicata prevents a party or privy from relitigating facts or questions in issue in a former action between the same parties which has been settled by judgment on the merits. *Clements v. Pittman*, 765 S.W.2d 589, 591[3] (Mo.banc 1989); *Borchelt*, 806 S.W.2d at 100. The requirements, as generally recognized, are that there must be (1) identity of the persons and parties (2) identity of the cause of action, (3) identity of the thing sued for, and (4) identity of the quality of the person for or against whom the claim is made. *Prentzler v. Schneider*, 411 S.W.2d 135, 138[2] (Mo.banc 1966); *Younge*, 451 S.W.2d at 349; *Borchelt*, 806 S.W.2d at 100. The principle may be applicable to a material fact litigated in the prior proceeding, subject to the same requirements, in which event it is more properly described as a collateral estoppel. *Younge*, 451 S.W.2d at 349.

In *Borchelt*, this court held that even though a circuit judge in a criminal proceeding decided that the arresting officer lacked reasonable grounds to believe that Borchelt was driving his vehicle in an intoxicated condition, such determination was not res judicata in an administrative proceeding brought by the Director to revoke Borchelt's driver's license.

The purpose of the administrative revocation of Borchelt's driver's license was remedial (to protect the public), not to punish Borchelt for DWI. *Tolen*, 564 S.W.2d at 602[3]. Consequently, there was no identity of "the thing sued for" or "the cause of action" in the two proceedings. Absent those elements, res judicata does not apply.

*Borchelt*, 806 S.W.2d at 101.

■ In the instant case, Humbert's license was administratively revoked under a different statute than that involved in *Borchelt*. Borchelt's license revocation proceeded under § 577.041.1, RSMo Supp.1987 (refusal to take test), whereas Humbert's license revocation proceeded under § 302.505 (operation of vehicle when alcohol content was 0.13% or greater). However, we

2. Because of the similarity of facts in *Borchelt* and the instant case and because *Borchelt* was

recently decided, we borrow freely from that opinion.

perceive no difference in the purpose of the two statutes. We hold that the purpose of administrative revocation of licenses under § 302.505, et seq., is remedial (to protect the public), and not to punish the driver for DWI. *Borchelt*, 806 S.W.2d 95. The causes of action are not the same; the DWI statute, § 577.010, RSMo 1986, is strictly criminal with the aim and purpose of punishment; the present proceeding under § 302.505, et seq., is administrative in nature, remedial and not penal. *Younge*, 451 S.W.2d at 350. "The operation of a motor vehicle while intoxicated may give rise to two proceedings, one criminal ... [breach of statute ...], and the other civil [revocation of license]—each proceeding independent of the other...." *Tolen*, 564 S.W.2d at 602. An acquittal of the DWI charge does not preclude administrative revocation of a driver's license for refusal to submit to a chemical test. *Byerly*, 522 S.W.2d at 21. *Byerly* lends further support to our conclusion that there was no identity of "the thing sued for" and no "identity of the cause of action" in the two proceedings in this case. Finding an absence of those two elements, res judicata and collateral estoppel do not apply. *Borchelt*, 806 S.W.2d at 101.

The judgment in favor of Humbert is reversed and the cause is remanded to the circuit court for hearing and determination in compliance with § 302.535, RSMo 1986.

FLANIGAN, C.J., and PREWITT, J., concur.

MAUS, J., recused.