**STATE of Missouri, Appellant,**

v.

**Kevin Wayne MAYFIELD, Respondent.**

**No. 22114.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 17, 1998.

H. Morley Swingle, Pros. Atty., Jackson, for Appellant.

Jeffrey P. Dix, Jackson, for Respondent.

MONTGOMERY, Judge.

The State appeals from a judgment dismissing a felony complaint which alleged that Kevin Wayne Mayfield (Defendant) committed the class D felony of driving while intoxicated (DWI).[1] We reverse and remand for further proceedings.

On November 13, 1994, Defendant allegedly drove a motor vehicle while intoxicated in Bollinger County, Missouri. After his arrest, Defendant allegedly refused to take a breathalyzer test. Subsequently, the Director of Revenue revoked his driving privileges as required by § 577.041.3.[2] Pursuant to § 577.041.4, Defendant petitioned for a hearing regarding his license revocation in the Circuit Court of Bollinger County. His case was assigned No. CV194–119CC.

On January 25, 1995, in No. CV194–119CC, the prosecuting attorney and Defendant executed a document entitled "Confession of Judgment," which stipulated that the State "did not have probable cause ... to stop" Defendant and he "did not refuse to take a breathalyzer test." The parties concluded their stipulation by praying for entry of a judgment "finding that [Defendant] did not refuse to take a breathalyzer test." Based on this stipulation, the trial court "made a finding that [Defendant] did not refuse to take a breathalyzer test."

On September 11, 1997, a special prosecuting attorney for Bollinger County filed the instant felony DWI complaint founded upon Defendant's activity on November 13, 1994. Subsequently, Defendant filed a Motion to Dismiss presenting the defense of collateral estoppel. On January 21, 1998, the court entered the following judgment:

On this 21st day of January 1998, the Court takes up Defendant's Motion to Dismiss filed on October 23, 1997, and finds that in Case Number CV494–119CC, [sic] the Bollinger County Prosecuting Attorney acting as counsel for the Director of Revenue, signed a Confession of Judgment confessing that the police officer making the stop in the case at hand did so without probable cause.

It is therefore ordered that Defendant's motion to dismiss be granted and Defendant discharged.

Here, the State contends the court erred, as a matter of law, in concluding that the State is collaterally estopped from prosecuting Defendant for DWI. The State alleges that a finding in "a civil breathalyzer refusal case" does not bar criminal prosecution for the same activity because, for collateral estoppel purposes, no relationship exists between a determination of fact in a refusal case and a determination of fact in a subsequent DWI prosecution. Numerous cases support the State's position.

This case and *State v. Rotter*, 958 S.W.2d 59 (Mo.App.1997), have strikingly similar facts. There, defendant claimed the evidence was insufficient to convict him of DWI. Defendant argued that the trial court erred in admitting evidence of his failure to take a breath test because the State had stipulated during his license revocation hearing that he had not refused to submit to a breathalyzer test. *Id.* at 64.

In deciding against defendant's claim of error, the Western District of this Court said that "Missouri courts hold, for collateral estoppel purposes, that no relationship exists between a determination of fact in a criminal case and a determination of fact made in an administrative proceeding" for a license revocation because of refusal to submit to a breath test. *Id.* In support of this principle, the appellate court relied on *State v. Warfield*, 854 S.W.2d 9, 11–12 (Mo.App.1993) (holding administrative finding that defendant was not the driver of the car did not have collateral estoppel effect in criminal action); *Humbert v. Benton*, 811 S.W.2d 501, 502 (Mo.App.1991) (holding that finding in criminal action that [no] probable cause existed to arrest defendant for DWI did not have collateral estoppel effect in administrative action); *Lock v. Director of Revenue*, 767 S.W.2d 385, 386 (Mo.App.1989) (holding that administrative finding that defendant drove with blood alcohol content in excess of legal limit was not affected by criminal charges filed against defendant); *Meeh v. Director of*

1. The State appeals under the provisions of § 547.200.

2. Statutory references are to RSMo 1994 unless otherwise indicated.

*Revenue,* 741 S.W.2d 866, 868 (Mo.App.1987) (holding that defective information in administrative hearing did not affect validity of criminal action); and *State v. Purvis,* 739 S.W.2d 589, 591 (Mo.App.1987) ("The operation of a motor vehicle while under the influence of [intoxicants] gives rise to separate and independent proceedings, one civil and one criminal, and the outcome of one proceeding is of no consequence to the other"). *Rotter,* 958 S.W.2d at 64–65. Following these cases, the appellate court held that the "trial court, therefore, did not err in finding that the administrative finding did not have collateral estoppel effect in [Defendant's] criminal trial. *Id.* at 65.

For the reasons expressed in *Rotter,* we determine that the finding of no probable cause in No. CV194–119CC does not preclude the State from presenting evidence on that issue in Defendant's DWI case. The lower court erroneously applied the law in concluding otherwise.

The judgment is reversed, and the cause is remanded for further proceedings.

GARRISON, C.J., and BARNEY, J., concur.